## JENKINS *v.* JENKINS, ADMINISTRATOR, ET AL.

DECEDENTS' ESTATES.—*Priority of Debts.—Judgment.*—The rights of priority, and the order of payment, of claims against a deceased debtor's estate, are fixed and determined by section 109 of the act in relation to the settlement of decedents' estates, 2 R. S. 1876, p. 534, and can not be determined otherwise by the judgment of a court.

SAME.—*Judgment of Priority of One over Others.—Notice.*—A judgment giving priority to the plaintiff's claim, rendered in an action by the administrator personally against such estate, does not bind creditors who have had no notice of such action.

SAME.—*Insolvent Estate.—Former Adjudication.—Merger.—Practice.—Trial.*—The administrator of the estate of a deceased debtor, being himself a creditor, filed his claim against the estate and procured its allowance by the court, simply as a general claim.    He afterward filed a complaint against such estate, asking that the estate be declared insolvent and that his judgment be adjudged a preferred debt, alleging as ground that the claim was secured by a mortgage executed to him, by his decedent, in his lifetime, on personal property which he had since, as administrator, converted into money.   Upon the hearing of the cause it was found by the court that the estate was probably insolvent, and decreed that such claim should be paid out of the proceeds of such property, as a preferred debt. Afterward, upon filing what he intended as his final report, exceptions were filed thereto by other creditors, tried by the court and determined in their favor, whereupon the court, over his objections and exceptions, ordered his said complaint for preferment to be re-docketed for trial.

*Held,* on a verified motion by the plaintiff to strike the cause from the docket, setting out the proceedings had by him and the judgments rendered in his favor, that the judgment of preferment did not bind the other creditors, and that the motion was properly overruled.

*Held,* also, that, by obtaining the allowance of his claim as a general debt, it was merged in the judgment of allowance, and that his action for preferment could not be maintained.

From the Crawford Circuit Court.

*S. K. Wolfe,* for appellant.

*H. Woodbury* and *J. B. Black,* for appellees.

HOWK, C. J.—In this action the appellant, as plaintiff,

filed his complaint, duly verified, against the estate of William A. Jenkins, deceased, of which estate the appellant was, at the time, the administrator.

In his complaint the appellant alleged, in substance, that, on the —— day of ———, 1866, the said William A. Jenkins, then in full life, executed to the appellant a mortgage on the property therein described, to secure the payment of the moneys therein described, amounting to the sum of five thousand five hundred and seventy-six dollars and twenty-four cents, which said mortgage was filed with and made part of said complaint; that said mortgage, and the moneys therein secured, remained due and wholly unpaid, with the interest thereon, except the sum of eighty dollars, mentioned in said mortgage, and the further sum of two hundred and seventy-four dollars and thirty-two cents, paid by the decedent in his lifetime, and except ——— dollars, which had been allowed as a dividend on the appellant's said mortgage, by order of the court, leaving then due and unpaid the sum of four thousand dollars; and that the whole of said mortgaged personal property had been sold, as the assets of said decedent's estate. Wherefore the appellant demanded that his said claim should be allowed as a preferred claim against said estate; and he asked that the court would appoint a suitable person, as defendant to his said claim, to protect the interests of said estate, etc.

This complaint was filed by the appellant at the October term, 1871, of the Crawford Common Pleas Court, and William H. Peckinpaugh, Esq., was appointed by the court to defend the action for the interests of said estate. Afterward, at the January term, 1872, of said court, the appellant amended his complaint, so as to make it more certain and specific, to which amended complaint the said Peckinpaugh answered by a general denial.

At the May term, 1872, of said court, the cause was tried

by the court, without a jury, and a finding made for the appellant, that said estate was insolvent, and that the appellant was entitled to a lien upon the proceeds of the personal property mortgaged to him, and sold by him as such administrator, to the amount of three thousand six hundred and fifteen dollars and twenty-eight cents; that the allowance made to the appellant by said court, at its October term, 1866, of three thousand six hundred and fifteen dollars and twenty-eight cents, with interest from that date, was a preferred claim, to be paid as such before payment by him upon general debts; and that upon said claim the appellant had received the amount of twenty per cent., which should be deducted.

Thereupon the said Peckinpaugh moved the court for a new trial, which motion was overruled, and to this ruling he excepted; and the court rendered judgment upon, and in accordance with, its said finding.

More than two years afterward, to wit, at the September term, 1874, of the Crawford Circuit Court, the final report of the administrator of the estate of said William A. Jenkins, deceased, and the objections of the creditors of said estate to the approval of said final report, having been under advisement since the last preceding term of said court, the court, being sufficiently advised, ordered that said report be not received and approved as a final report, and that the complaint of the appellant, praying that his said claim should be allowed and paid to him as a preferred claim, be placed upon the issue docket for trial, and that said W. H. Peckinpaugh, one of the attorneys of said court, be appointed as an adversary party to resist the allowance of said claim as a preferred claim; to which orders of the court the appellant at the time excepted, for the alleged reason that his said complaint was adjudicated at the May term, 1872, of said court, and filed his exceptions and protest, in writing, against the action and orders of the court.

Afterward, the appellant filed an amended claim or complaint against the estate of said William A. Jenkins, deceased, to which the appellee demurred, for the alleged want of sufficient facts therein to entitle the appellant to the relief prayed for, and the cause was continued.

Afterward, at a special term of said court, held on the 3d day of September, 1875, before a special judge, the parties appeared, and the appellant moved the court, in writing, to strike the cause from the docket, which motion was overruled, and to this decision he excepted.

The appellant then filed an amended complaint in two paragraphs, to each of which the appellee demurred for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were severally sustained by the court, and to each of these decisions the appellant excepted.

The appellant, failing to amend his said complaint or either paragraph thereof, judgment was rendered on the demurrers, that he take nothing by his said suit, and that the appellee recover his costs in this action expended.

The appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his written motion to strike this cause from the docket;

2. In sustaining the appellee's demurrer to the first paragraph of the appellant's amended complaint; and,

3. In sustaining the appellee's demurrer to the second paragraph of said complaint.

We will consider these errors in the order of their assignment:

1. In his written motion to strike this cause from the docket, the appellant showed the court that the said cause was then erroneously and improperly on the issue docket of said court, in this, that heretofore, on the —— day of

————, 1867, the appellant filed in the court of common pleas of said Crawford county a claim in his own favor (he being the administrator of said estate), against said estate, in the sum of five thousand five hundred and seventy-six dollars and twenty-four cents; and that afterward, at the October term, 1867, of said court, such other and further proceedings were had therein, that the same, to the amount of three thousand six hundred and fifteen dollars and twenty-eight cents, was allowed against said estate; that afterward, on the 24th day of October, 1871, the appellant filed his complaint in said court of common pleas, then in session, asking said court to determine, declare and decree, that his said claim, by virtue of the facts stated in said complaint, was a preferred claim against said estate, a copy of which complaint was filed with and made part of said motion; that then and thereupon said court of common pleas ordered said complaint to be docketed against said estate, and appointed William H. Peckinpaugh, Esq., an attorney of said court, as an adversary party, to represent and defend said estate therein; that then and thereupon said Peckinpaugh accepted said appointment, and, by consent of the parties and the order of the court, said cause was placed upon the issue docket for trial, at the ensuing January term, 1872, of said court of common pleas, to which term said cause was continued; that afterward, at said January term, to wit, on the 24th day of January, 1872, the appellant filed an amended complaint, a copy of which was filed with and made part of said motion; that afterward, at the May term, 1872, of said court of common pleas, the said Peckinpaugh appeared as the representative of said estate, and issues of law and fact were joined on said amended complaint, by the demurrer and then by the answer of said Peckinpaugh filed thereto; that then and thereupon the issues of fact in said cause were submitted to the court, without a jury, for final trial; that

said court, on said last named day, having fully heard all the allegations and proofs of the parties, and being fully advised, rendered its final finding, judgment and decree therein, in favor of the appellant, that his said claim was a preferred claim, as to the sum of three thousand six hundred and fifteen dollars and twenty-eight cents thereof and interest, and was entitled to be paid accordingly, said estate being declared probably insolvent; all of which would more fully appear by the records of said court in said cause, to which reference was made, and a copy of said final judgment of said court of common pleas, in said cause, was filed with and made part of said motion; that afterward, at the September term, 1874, of said Crawford Circuit Court, over the objections, protest and exceptions of the appellant, a copy of which was filed with and made part of said motion, the said circuit court ordered that said cause be placed upon its issue docket for trial; and the appellant said that the said cause, then on the docket of said court, was the same cause that was finally determined and adjudicated by said court of common pleas, at its May term, 1872, on the 30th day of May, 1872; and, because the said cause had been fully and finally adjudicated as aforesaid, the appellant moved the said circuit court to strike the same from its docket, and to order the costs of this proceeding to be taxed against said estate.

It appears to us that this written motion shows entirely too much of the proceedings of the court, in connection with the appellant's claim, to justify the court in sustaining said motion. From the motion itself, but more fully and clearly from the return of the clerk of said court to a writ of *certiorari*, awarded in this cause, it appears that the appellant's claim or cause of action, against his decedent's estate, as stated and set forth in his verified complaint, filed at the October term, 1871, had been duly filed by said appellant, on the 29th day of May, 1867, in the court of

common pleas of said Crawford·county, as a claim against said decedent's estate; and that such proceedings had been afterward had on said claim, as that at the October term, 1867, of said court, to wit, on the 29th day of October, 1867, the cause was tried by said court of common pleas, and a finding was made, in favor of said appellant and against said estate, for the full amount of his said claim, and judgment was then and there rendered by said court, "that said sum be paid said claimant out of the assets of said estate." When the appellant first presented his said claim against his decedent's estate, to said court of common pleas, in 1867, he did not ask for judgment thereon as a preferred claim; nor did he, in the statement of his cause of action then filed, show any facts which would give his claim any preference over the "general debts" of his decedent; nor did the court then find or adjudge, that his said claim had any such preference. Doubtless, his claim was merged in the judgment rendered thereon by said court of common pleas, on the 29th day of October, 1867, and thereafter no suit or action could be maintained by him on his original claim.

In his written motion to strike this cause from the docket, the appellant showed the court, that the complaint filed by him in said court of common pleas, in October, 1871, stated the same claim or cause of action for which he had obtained a judgment of said court against said estate, in October, 1867; and that the object of his later suit or proceeding was to have said court to determine, declare and decree, that his said claim, by virtue of the facts stated in his verified complaint, was a preferred claim against said estate; that the court had appointed an adversary party to represent and defend said estate, in the suit instituted by him in October, 1871; that issues of law and fact were then joined upon his said complaint, and the issues of fact were tried by the court, and a final finding,

judgment and decree were made and rendered by the court, that his said claim was a preferred debt against said estate, and should be paid accordingly; and that, more than a year after such final trial and judgment, in September, 1874, the court below, over the appellant's objections, protest and exceptions, had ordered his said cause to be placed upon its issue docket for trial.

It seems to us, that the second suit or proceeding, instituted by the appellant, in October, 1871, was wholly unauthorized by law. His claim had passed into a judgment against said estate nearly four years before that time, as a general debt of the decedent. The statute provides, in section 109 of the decedents' estates' act, 2 R. S. 1876, p. 534, the order in which all claims against the estate of a decedent shall be paid; but we know of no statutory provision, which would authorize a trial by the court of the question of priority, as between the creditors, in their absence, and in such a manner as to bind or conclude them. The law prescribes, in plain terms, what claims shall have priority of payment over the general debts of the decedent; and the judgment of the court, that a particular claim shall have preference over the general debts of the decedent, will not give the claim such preference, contrary to the provisions of the statute. In other words, we think that the rights of priority, and the order of payment, of the claims against a decedent's estate, are fixed and determined by the letter of the statute, and not by the judgment of the court. In our opinion, therefore, the judgment of the court, in the suit instituted by the appellant in October, 1871, was not final and conclusive as to the priority of his claim over the general debts of his decedent, in such manner as to preclude the general creditors from impeaching and contesting his right to a preference. The action of the court, in ordering the appellant's second suit to be placed upon its issue docket for trial, may have been,

perhaps, irregular and informal; but, if so, the suit itself and the judgment of the court of common pleas therein were irregular and unauthorized, and we cannot say that the court erred in re-docketing the cause for a further hearing. As the judgment of the court of common pleas, giving the appellant's claim a preference over the general debts of the decedent, was not final and conclusive as to the question of priority, we are clearly of the opinion, that the circuit court did not err in overruling the appellant's motion to strike his cause from its docket.

The other errors complained of by the appellant, in this court, are the decisions of the circuit court in sustaining demurrers to the first and second paragraphs of his amended complaint. In each of these paragraphs, the appellant sets up and relies upon the judgment of the court of common pleas upon his verified complaint, filed in October, 1871, as a complete and final determination of the priority of his claim against his decedent's estate, over the general debts of the decedent. From what we have already said, it will appear, that, in our opinion, the said suit or proceeding of the appellant, and the judgment of said court therein, were wholly unauthorized by law, and that the judgment in question, obtained as it was in the absence of, and without any notice to, the general creditors of the decedent, could not be regarded as final and conclusive as to the rights of such creditors. We need not set out, in this opinion, even the substance of the appellant's amended complaint, as we are well satisfied, that neither paragraph thereof has stated facts sufficient to entitle him to the relief prayed for therein. His claim to the priority of his debt over the general debts of the decedent was a matter to be settled between him and the general creditors, but not in this form of proceeding. From the amended transcript, returned into this court on *certiorari*, it appears that the general creditors of the decedent have, by written ex-

ceptions to the appellant's final report of his administra-- tion, contested his claim to priority of payment; and it would seem from the transcript, that the decision of the court, upon those exceptions, had been adverse to the appellant. What we decide in this case is, that the decision of the court of common pleas of Crawford county, upon the appellant's verified complaint filed in October, 1871, was not final and conclusive as to the priority of his claim, or its right to a preference, over the general debts of the decedent; and that this question of priority or preference could not be heard and finally determined in this suit or proceeding, in the absence of, and without notice to, the decedent's general creditors. The question as to the priority or preference of the appellant's claim, over the general debts of the decedent, is not properly presented in and by the record and the errors assigned thereon, and is not decided.

We find no error in the record of this cause, for which, in our opinion, the judgment of the circuit court ought to be reversed.

The judgment is affirmed, at the appellant's costs.