No. 10,465.

**BLANKENBAKER ET AL.** *v.* **BANK OF COMMERCE ET AL.**

DECEDENTS' ESTATES.—*Preferred Claims.—Attorney's Lien.—Res Adjudicata. —Judgment.—Collateral Attack.—Trustee.—Case Distinguished.*—A suit was pending against B., when she died, to recover attorneys' fees for services in a cause wherein B. had recovered a judgment for $25,000. Her administrator having then been made a party, such proceedings were had that the sum of $5,000 was allowed to the attorneys, and a decree entered establishing a lien therefor upon the judgment. The attorneys afterwards, by petition, applied for an order upon the administrator to compel him to pay their allowance out of the proceeds of the judgment as a preferred claim, and the other creditors of the estate were made defendants to the petition.

*Held*, that the order prayed was properly granted.

*Held*, also, that the original decree establishing the lien, being unreversed,

was an adjudication which bound all creditors of the estate, though not parties thereto, the administrator being their proper representative and, as to them, the trustee of an express trust, and, however erroneous, such creditors could not question it collaterally. *Jenkins* v. *Jenkins,* 63 Ind. 120, distinguished.

From the Floyd Circuit Court.

*E. Field* and *L. Stout,* for appellants.

*C. F. McNutt, W. A. Montgomery, G. W. Grubbs* and *D. C. Anthony,* for appellees.

NIBLACK, J.—This was a proceeding upon petition by the Bank of Commerce, of Indianapolis, Cyrus F. McNutt, William A. Montgomery and George W. Grubbs, against Leonidas Stout, as administrator of the estate of Eliza Bowles, deceased, and against Hiram D. Blankenbaker, Burnie Gaw, John C. Albert, Samuel Ryan, John W. Tucker and Arthur J. Simpson, as creditors of said estate, to obtain an order requiring Stout, as such administrator, to pay an allowance, in the nature of a decree, standing in their favor, against the estate, as a preferred claim.

The cause was tried upon an agreed statement of facts under the provisions of section 553 of the code of 1881.

The facts agreed upon were to the effect that, on the 7th day of December, 1868, the said Eliza Bowles, being then in life, by the consideration of the Orange Circuit Court, obtained a decree of divorce from her husband, William A. Bowles, and a judgment for $25,000 for alimony; that Samuel H. Buskirk, Cyrus F. McNutt, William A. Montgomery and George W. Grubbs were her attorneys in obtaining the decree of divorce and judgment for alimony; and that the services rendered by them in that behalf were reasonably worth the sum of $5,000, no part of which had ever been paid; that no lien was taken by said attorneys, or either of them, to secure their fee under the statute of 1865, upon the subject of liens for attorneys' fees; that afterwards, and before the death of the said Eliza Bowles, said attorneys commenced a suit in

attachment against her, in the said Orange Circuit Court, to recover their said fee; that afterwards, on the 8th day of February, 1870, and before said suit was tried, the said Eliza Bowles died intestate, and the said Leonidas Stout was, on the 7th day of March, 1870, by the proper court of Floyd county, appointed administrator of her estate; that thereupon the said attorneys filed in the said Orange Circuit Court an amended complaint, making the said Stout, as such administrator, sole defendant in said action; that after the amended complaint was so filed the cause was, on a change of venue, transferred to the county of Floyd, and afterwards, in like manner, to the county of Harrison; that, on the 27th day of March, 1872, said cause was tried in the Harrison Circuit Court, and a judgment rendered therein as follows:

" Come now the parties and the defendant files his answer to the plaintiffs' complaint, and, the cause being now at issue, the same was submitted to the court for trial, without a jury, upon complaint, answer, exhibits and evidence in the cause and agreement of the parties in open court made. And the court, being sufficiently advised, finds for the plaintiffs, and that the allegations of the complaint are true, and that the reasonable value of the services of plaintiffs in procuring the divorce and alimony for defendants' decedent, as set forth in plaintiffs' complaint is $5,000, and that the assets of the estate of said defendant [decedent] consist chiefly of the judgment for alimony in complaint mentioned against William A. Bowles, and of money and property in Floyd county, Indiana.

"And the court further finds that said services of plaintiffs for said decedent were useful and beneficial to her, and that it was mutually agreed and understood between plaintiffs and said decedent that said judgment and recovery for alimony should be and constitute a fund to which plaintiffs should look, and out of which they should receive their fees and expenditures in her behalf, by reason whereof the court finds

that there is an equitable lien in favor of plaintiffs upon said judgment and decree for alimony for said fees and expenses in the hands of said defendant to be administered.

" It is, therefore, ordered, adjudged and decreed that the plaintiffs have and recover of said defendant the said sum of $5,000, to be collected and made from the proceeds of said judgment and decree for alimony, and by agreement in open court it is ordered that each party pay the costs by them made."

It was further agreed that the persons named as creditors of the estate, in the petition filed in this cause, are general creditors, a claim having been filed by, and allowed in favor of, each of such persons against the estate; also, that the interest of Samuel H. Buskirk in the judgment rendered as above in the Harrison Circuit Court had been assigned to the Bank of Commerce of Indianapolis.

Upon this agreed statement of facts the court below made a finding, and came to the conclusion, that the petitioners were entitled to the relief demanded by them, and ordered, adjudged and decreed that the amount due to the petitioners upon the said judgment of the Harrison Circuit Court should have a preference in its payment over the claims of the general creditors of the estate; to all of which the respondents, as defendants in the proceeding, at the time excepted.

The appellants claim that the case of *Jenkins* v. *Jenkins*, 63 Ind. 120, is in principle decisive of this case in their favor, but we are of the opinion that there are important points of difference between the two cases. In that case, the original order allowing the claim did not declare it to be a preferred claim, and did not in any manner give to it any preference over the general claims against the estate. In the next place, the order upon the subsequent proceedings declaring the claim to be entitled to a preference in its payment, was directly attacked by an appeal to this court. Whereas the judgment of the Harrison Circuit Court, establishing the lien asserted in this case, was not appealed from or otherwise questioned by any direct proceeding, having been permitted to remain in full force as a

final adjudication of the matters which it purports to embrace and to adjudicate. It is regular upon its face, and rendered in a court of competent jurisdiction. However erroneous, therefore, it may have been, we can not treat it as a void judgment because of any objection now collaterally urged against it.

Hence we are unable to make any practical application of the case of *Jenkins* v. *Jenkins, supra,* to that judgment which is now before us, only as a fact of an evidentiary character, and not for review upon an appeal from the proceedings in which it was rendered.

We are, consequently, of the opinion that the agreed statement of facts, upon which the cause was submitted, established the fact that the right of the appellees to preference in payment over the general creditors was a matter already adjudicated and settled by the judgment of the Harrison Circuit Court, and that the court below did not err in the conclusion at which it arrived upon the facts before it.

A question is suggested as to the propriety of making the general creditors parties to this proceeding, but as no such question was raised in the court below the record presents nothing on that subject for our decision.

As incident, however, to the subject of costs upon this appeal, we may remark that those creditors were not necessary parties.

In all matters pertaining to the ordinary settlement of an estate, the administrator is the proper representative of the creditors in the prosecution and defence of actions affecting their interests in the estate, and is as to them the trustee of an express trust. R. S. 1881, section 252; *Vogel* v. *Vogler,* 78 Ind. 353.

The judgment is affirmed, with costs.

Howk, J., was absent when this cause was considered.