## DURRE *v.* STURGEON, ADMINISTRATRIX.

[No. 9,691.    Filed March 6, 1919.]

1.  ATTORNEY AND CLIENT.—*Money Withheld from Clients.—Jurisdiction of Courts.*—Courts have summary jurisdiction over attorneys to order the payment of money wrongfully withheld from clients. p. 505.

2. EXECUTORS AND ADMINISTRATORS.—*Action for Wrongful Death.— Right of Administratrix to Proceeds of Judgment.*—The proceeds of a judgment recovered by an administratrix for the wrongful ·ath of her decedent and paid to the clerk of the trial court was trust fund which should be paid to the administratrix for dis- ·ibution according to law. p. 505.

EXECUTORS AND ADMINISTRATORS.—*Claim for Attorney's Fees.— Enforcement.*—Under §2901 Burns 1914, §2378 R. S. 1881, giving the expenses of administration, including attorney's fees, priority over other claims against decedent's estates, an attorney em- ployed to prosecute a claim for the wrongful death of an adminis- tratrix's decedent, had ample legal remedy for the collection of any claim he may have had against the estate, and could· not maintain an action in equity to enforce an equitable lien on half of the proceeds of the judgment in the hands of the administra- trix, the other half having been paid to other attorneys in the case. p. 505.

From Vanderburgh Circuit Court; *Duncan C. Givens,* Judge.

Claim by Edgar Durre against Lillie Sturgeon, ad- ministratrix of the estate of John P. Lipking, de- ceased. From an adverse judgment, the claimant appeals. *Affirmed.*

*C. T. Curry* and *Edgar Durre,* for appellant.
*Louis O. Rasch,* for appellee.

McMAHAN, J.—The appellant filed a claim against the estate of John P. Lipking, to enforce an equitable lien against funds in the hands of the appellee as administratrix. Trial by the court, finding and judg- ment that appellant take nothing. The error assigned is the overruling of appellant's motion for a new trial, which challenges the finding of the court because it is not sustained by sufficient evidence.

The evidence shows that John P. Lipking died in July, 1908, as a result of injuries received while work- ing in the railroad yards at Evansville. Appellee

was appointed administratrix, and on July 23, 1908, employed an attorney to institute a suit for damages for the benefit of the widow and child of said decedent. There was an agreement between appellee and her attorney that he was to receive for his fee an amount equal to one-half of the amount recovered. Suit was commenced in September, 1908, in Vanderburgh county, and sent to Posey county on a change of venue. Nearly two years after suit was commenced, appellant was called into the case by said attorney to assist in the trial of said action. Trial was had, before a jury, and a judgment was rendered for $5,000 in favor of appellee. An appeal was taken, and on June 4, 1915, the judgment of the trial court was affirmed. The judgment, with interest, aggregating $6,500, was paid to the clerk of Posey county on November 15, 1915. The same day that the money was paid to said clerk, the appellee's attorney drew out $3,250, and the administratrix drew out the balance. On November 20, 1915, the appellant caused to be attached on the appearance docket of the Vanderburgh Circuit Court a notice that he intended to hold an attorney's lien on the funds of the said estate, in the hands of the administratrix, in the sum of $750 for legal services rendered in securing said funds for said estate, said notice being signed by the appellant.

The appellant assisted in the trial of the action for damages and in the appeal. The evidence is conflicting as to how he happened to be called into the case. The appellee testified that it was at the suggestion of her attorney; that she did not ask or request it, and did not agree to pay him any fee; that her contract with her attorney was to cover all attorney's fees, and, if any other attorneys were employed, her

attorney was to pay them out of his share of the money. Her attorney testified that the appellant was called to his office and, in the presence of appellee, was informed that the action for damages had been pending for two years, and that the appellee was dissatisfied, and that she wanted assistance; that appellant was informed that the appellee could not pay anything unless there was a recovery, and that appellant came into the case with that understanding; that appellee at that time knew nothing about the contract between the appellee and her attorney; that he did not want the appellant called in to assist in the trial, and that he did not agree to pay him.

The evidence further disclosed that the attorney whom she employed demanded an additional fee of $1,000 for collecting the judgment and $150 for some expense he had been put to, that he also asked $750 for his partner and $750 for appellant, and that he filed his claim against the estate for $1,150.

There was no conflict in the evidence as to appellant's services being worth $750, the question being whether he was entitled to an allowance against the estate, or whether he must look to the attorney who called him into the case for his fees.

Claims were being made against appellee for $6,250 for attorneys' fees and expenses. She then employed other counsel to protect her interest, and through such counsel she informed appellant on November 14, 1915, that said judgment would be paid to the clerk of the Posey Circuit Court the next day; that the money would be there the next morning, and that it would be well for him to be present and protect his interest, if any he had to protect, as the other attorney was insisting on having one-half of the money paid

to him under his contract with the appellee. Appellant at this time, and prior thereto, knew that there was a controversy between appellee and her attorney about the payment of appellant's fee, and knew that appellee was insisting that she was not liable therefor, but that appellant should be paid out of the money the other attorney was claiming under the contract with appellee.

With knowledge of these facts, and, after being requested to be present when the judgment was paid, appellant refused, or at least failed, to be present when the money was paid, and without any objection on his part permitted the one-half of the judgment, which under the agreement between appellee and her attorney had been set aside for the payment of attorney fees, to be paid to the other attorney. Appellant knew this was a trust fund, and that, by proper action, he could have had the full amount of the judgment paid over to the clerk of the court having jurisdiction of the settlement of the decedent's estate, and thus have protected his own interests as well as the interests of appellee.

In the oral argument of this appeal in this court, the appellant appeared in person. In the argument it was stated, and not controverted by appellant, that the trial court announced that the finding would be against the appellant, and advised him to take the necessary action to reach the money which had been paid to the other attorney, and that the court held the matter under advisement several months in order that appellant might do so, but that appellant declined to take action as suggested by the court.

Had the appellant heeded the advice of the trial court, there is no doubt but that the court would

have found a way to have compelled restitution by the other attorney. Courts have summary jurisdiction over attorneys to order the payment of money wrongfully withheld from clients. 1 Jones, Liens (3d ed.) §150; §1009 Burns 1914, §974 R. S. 1881.

The $6,500 paid to the clerk of the Posey Circuit Court was a trust fund, and the whole of it should have been paid to the appellee as administratrix for distribution according to law. Section 2901 Burns 1914, §2378 R. S. 1881, regulates the payment of claims against estates. According to this section, the expenses of administration, which include attorneys' fees, are given priority. This being true, appellant had an ample legal remedy for the collection of any claim he may have had against the estate of which appellee was administratrix, and was not entitled to maintain an action in equity to enforce an equitable lien on the funds in the hands of appellee. *Koons, Admr.,* v. *Beach* (1896), 147 Ind. 137, 45 N. E. 601, 46 N. E. 587.

The evidence in this case is conflicting, and we are not in a position to say that the court erred in its finding. The motion for a new trial was properly overruled.

Judgment affirmed.