## LANE *v.* CAMPBELL ET AL.

[No. 26,907.  Filed April 27, 1938.  Rehearing denied
July 7, 1938.]

*Edward C. Henning,* for appellant.

*W. E. Cox, L. A. Savage,* and *Leo J. Stemle,* for appellees.

FANSLER, J.—Appellant was employed as the attorney for Emil Campbell, the defendant in a divorce case pending in the Dubois Circuit Court. An order was made against the defendant Campbell to pay certain suit and support money into court. In this he failed, and was cited to show cause why he should not be punished for contempt. Upon the hearing he testified that he had no money or means with which to make the payments ordered, and no credit, or means of procuring money. The appellant acted as his attorney at this hearing. After the hearing Campbell was ordered committed until he complied with the order. Thereafter, through another attorney, Campbell filed a verified motion to set aside the order of commitment. In this motion he alleged that, before the order against him, and in anticipation of an allowance of attorney fees, and court costs, and support

money to his wife, he had delivered to the appellant, as his attorney, the sum of $220 with which to pay, among other things, eight weeks' allowance of support money at $5 per week when such an order should be made; and that at the time he filed his affidavits, and testified in response to the rule to show cause why he should not be punished for contempt for failure to pay the allowances, the appellant Lane, who was then in court representing him, had in his possession sufficient money of the funds belonging to the defendant, which had been delivered to Lane for the express purpose of such payments, to discharge the rule. He prayed that the judgment holding him in contempt, and sentencing him to the State Penal Farm, be set aside, and that Lane be cited to show cause why he should not pay the money in his hands belonging to the defendant in discharge of the allowances. No citation was issued against Lane, but the order of the court recites that the motion of Emil Campbell came on for hearing and was submitted to the court for trial, and that the court heard the evidence of the defendant Campbell, and the evidence of Lane, and argument of counsel, and that the allegations of the motion were found to be true, and that Lane had failed to pay the allowances, and that he had in his possession funds of the defendant with which to pay the same. The court further found that, at the hearing upon the contempt citation against the defendant, Lane was in court, "and then and there stated to this Court that the defendant Emil Campbell had no money or funds with which to pay said support order." It was recited in the order that Lane had been guilty of willful disobedience of the order of the court, and it was ordered that Lane pay the sum of $100 of the funds of the defendant in his possession to the clerk of the court within five days, the money to be used by the clerk toward the payment of the allowances, and that any balance of such sum be held pending the order of the court. It was also

ordered that Lane be suspended from the practice of law in the 57th Judicial Circuit for three months.

The appellant Lane filed a motion for a new trial. Pending a disposition of the motion, and after the expiration of the time within which appellant was ordered to pay the funds involved to the clerk, the defendant Campbell filed a verified petition showing that Lane had not complied with the order of the court, and asking that a rule issue against Lane requiring him to show cause why he should not be punished for contempt for disobeying the order. A rule issued, and afterward appellant appeared by attorney and filed a verified answer. Afterward an entry was made to the effect that the court, being fully advised, found that Lane should pay the sum involved, and thereupon appellant paid the sum of $100, which was ordered held by the clerk until the further order of the court, and the clerk was ordered to return to Lane a certificate of deposit, which had theretofore been deposited with and accepted by the clerk. It was then held that, by such payment, Lane was discharged of the rule against him. The costs were taxed against appellant. The record then shows an argument on the motion for a new trial, which had been filed by Lane with respect to the original proceedings, and, at the conclusion of the argument, the court on its own motion struck out that part of the former order suspending Lane from the practice of law. Thereupon the motion for a new trial was overruled.

The record shows that the court considered a report of the Dubois County Bar Association, and found that the appellant is not a practicing attorney, admitted to practice in the State of Indiana, or in the counties comprising the 57th Judicial Circuit, and ordered that the appellant be not permitted to practice in the counties of Pike and Dubois, comprising the 57th Judicial Circuit, until he shall file with the clerk of the Dubois Circuit Court a certificate indicating his admission to practice before the

Supreme Court of the State of Indiana, and satisfy the court that his name is upon the roll of attorneys of this court. Appellant objected to the inclusion of this in the order. Appellant then prayed an appeal, which was granted.

In the assignment of errors it is asserted that the court erred in assuming jurisdiction of the appellant in the contempt proceeding, and of the subject-matter of the contempt proceeding; that the court erred in modifying its original order, and in carrying on a proceeding to prevent appellant from practicing law; also that the court erred in overruling appellant's motion for a new trial.

The evidence upon which the court acted is not brought into the record. Section 4-3615 Burns' Ann. St. 1933, section 837 Baldwin's Ind. St. 1934, provides as follows: "When an attorney, on request, refuses to deliver over money or papers to a person from whom or for whom he has received them in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted (or if no action was prosecuted, then by the order of any court of record) to do so, within a specified time, or show cause why he should not be punished for contempt." The defendant Campbell, who was the aggrieved party, filed a motion reciting that he had delivered money to the appellant with which to discharge the orders against him, and that he had not so used it. When the hearing was had the appellant was present in court, and the record discloses that he introduced evidence. He complains here that he was not served with notice of the hearing on the motion. The statute provides for reasonable notice. It does not specify the character of notice, nor how long before hearing it must be given. Since the appellant was in court, and offered testimony, he must have had actual notice.

The record does not show that he made any objection at the time to the action of the court in proceeding with the hearing. If he then believed that the notice to him was unreasonably short, it was his duty to then object and ask for more time. The court ordered that he pay the money of the defendant to the clerk, where it was intended to go, within a specified time. A motion was thereafter filed by the defendant asking that the appellant be cited to show cause why he should not be punished for contempt for failure to comply with the order. The contempt proceeding for failure to comply with the order was civil in nature, and the jurisdiction of the court was sufficiently invoked by motion or petition. The appellant answered. Whether evidence was heard by the court is not disclosed, but he was ordered to pay, in discharge of the rule, and did pay. It may be that he had sought theretofore to comply with the rule, by delivery of a certificate of deposit issued by a bank. This was ordered returned to him upon the payment of cash. We see nothing in the record thus disclosed indicating that the court did not have jurisdiction to do all of the things that were done. The motion for a new trial which was overruled was with respect to the first proceeding. Appellant contends that there was not sufficient evidence to sustain the court's decision that he had funds of the defendant which he refused to pay, and that there was no evidence of a demand. But, as we have pointed out, the evidence is not before us. We must assume that it was sufficient to justify the order. The court clearly had jurisdiction of the subject-matter, and the appellant was in court. Formal notice is not essential, and if he desired more time in which to defend himself, he should have taken steps to procure it. There was no motion for a new trial upon the order in the civil contempt proceeding, so no question is presented in respect to that proceeding.

Appellant contends that the proceeding was for a

criminal contempt, but we do not think so. No fine was assessed against appellant. The order against him was to pay and apply funds which he had received in the course of his employment for the use contemplated by his client when the funds were delivered to him. Much of appellant's brief is taken up with the contention that the court had no power to suspend him as an attorney. But that part of the original order suspending him was stricken out on the court's own motion. He also complains of that part of the proceeding involving the report of the bar association as to his qualifications as an attorney, and the order of the court that he be not permitted to practice without a showing that he had been admitted as a member of the bar of the Supreme Court. It is conceded that the appellant was not admitted to practice in Dubois and Pike Counties prior to the enactment of the statute by which admission to practice in all courts of the state is within the jurisdiction of this court. Whether he was sufficiently admitted to practice in Martin County, we need not consider.

In 1931 there was enacted a statute providing that: "The Supreme Court of this state shall have exclusive jurisdiction to admit attorneys to practice law in all courts of the state under such rules and regulations as it may prescribe." Section 4-3605 Burns' Ann. St. 1933, section 825 Baldwin's Ind. St. 1934. Prior to that time admission to practice was by courts of record upon a showing that the applicant was a voter and of good moral character. It was provided that: "Whenever any person has been admitted to practice law in a court of record in any county, he shall be entitled to receive from the clerk a certificate of admission which shall authorize him to practice law in all courts of this state; but any court may, at any time, inquire into and determine for itself the moral character of any person practicing or offering to practice law in such court."

Section 1034 Burns' Ind. St. 1926, section 826 Baldwin's Ind. St. 1934. Those who are admitted to practice under the rules of this court enacted upon authority of the act of 1931 (Acts 1931, ch. 64, §1, p. 150) are entitled to practice "in all courts of the state." The statute was not intended to abridge. the rights of those who had been theretofore admitted to practice in the various counties, and, by the rules of this court, it was provided that such attorneys might be admitted to practice generally in the state upon certificate of the judge of the circuit court of the county of their admission or the president of the bar association of such county. These certificates must show that the applicant is of good moral character and in good standing at the bar of his county. Under the old statute the courts of each county had power to determine whether attorneys admitted in other counties were of good moral character. But that statute must be deemed to have been repealed by the statute vesting jurisdiction in this court to determine who shall be admitted to practice "in all courts of the state"; and the rule of this court which provides for admission to practice "in all courts of this state," upon certificate of good moral character by the judge of the circuit court or the president of the bar association of the county in which the applicant was admitted to practice prior to 1931, affords ample opportunity for an attorney to procure the privilege of practicing generally, and relieves local courts of the burden of determining for themselves the qualifications of persons from other jurisdictions who seek to practice before them.

Attorneys who were admitted to practice prior to 1931 are entitled to practice in the county of their admission until disbarred. They can procure the right to practice in all courts of the state by application to this court, and courts are within their rights in requiring that they pro-

cure such a general admission to practice before permitting them to appear as attorneys before them.

The court below had the power and jurisdiction to at any time, by rule of court or by order, require any or every attorney from another county to show that he has been admitted to practice by this court before permitting him to practice as an attorney.

Judgment affirmed.