STATE EX REL. TALKINGTON *v.* HOFFMANN, JUDGE

[No. 28,341.   Filed December 18, 1947.]

*Maurice D. Pleak,* of Indianapolis, for relatrix.

*Lawrence Shaw* and *Scott Ging,* both of Indianapolis, for respondent.

GILKISON, J.—This is an original action for writ of prohibition.

The averments of the verified complaint are in substance, that the relatrix is the mother of Harvey Eugene, and Mary Elizabeth Huggins, children under 18 years of age whose father is dead. That as mother of these children, she placed them in the care and custody of her mother in Owen County, Indiana, about November 26, 1946. That on December 10, 1946, a complaint was filed in respondent court, charging that these children were dependent and neglected children. And at a trial of the matter on December 31, 1946, a decree was entered, ordering and adjudging that the mother and stepfather of the children work out plans with the paternal grandmother for times for said grandmother to visit the children and for having the children visit in her home. That thereafter a petition to modify the above order by having the judge fix the time when the paternal grandmother might visit the children and have the children visit her was filed and later a hearing was had thereon in respondent court, at which time respondent Judge intimated what his decision would be. It is then averred that respondent Judge is without jurisdiction in the matter. The prayer is that respondent be prohibited from proceeding further in the case.

Rule 2-35 of the Rules of the Supreme Court of Indiana, 1946 Revision, provides:

"... If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

The petition in this action completely ignores the requirements of this rule, by omitting to set out certified

copies of the pleadings, orders and entries pertaining to the subject matter in the petition or by making the same exhibits thereto.

Respondent filed a verified response to the petition on November 5, 1947, but very properly did not file certified copies of the several pleadings, orders and entries made in the case, and thereby the relatrix' petition was left wholly unassisted by the response.

Rule 2-37 of the Rules of the Supreme Court of Indiana, 1946 Revision, provides as follows:

> "In support of their pleadings the parties should file briefs, which need not conform to the requirements of Rule 2-19."

Both parties have completely ignored the positive requirement of this rule, neither having filed a brief of any character. In this meager factual situation we are asked to determine whether or not the respondent court has jurisdiction of a matter alleged to be pending before it.

Rule 2-35 was made that this court might have essential information relating to questions that are attempted to be presented concerning the jurisdiction of an inferior court of a pending case. "The trial is a judicial examination of the issues, whether of law or of fact, in an action." § 2-1901, Burns' 1946 Replacement; *Casad* v. *Holdridge* (1875), 50 Ind. 529, 530; *Denbo* v. *Wright, Admr.* (1876), 53 Ind. 226, 228; *Chicago, etc., R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 54, 142 N. E. 634, 143 N. E. 712. The facts averred in relatrix petition are merely averred facts. This court cannot consider them until they are established in a way provided by law. Rule 2-35 provides a way to establish many of the facts alleged but the rule has not been complied with by

relatrix and the facts alleged remain wholly unestablished.

For the reasons given, no question is presented by the pleadings in this court. The temporary writ heretofore issued herein is dissolved, and a permanent writ is denied.

NOTE.—Reported in 76 N. E. (2d) 252.