STATE OF INDIANA EX REL. BURTON V. CITY OF PRINCETON ET AL.

[No. 29,330.   Filed May 25, 1956.]

*Mark P. Lockwood* and *Warren W. Barnett,* of Princeton, and *Wilbur F. Dassel,* of Evansville, for appellant.

*Harvey W. Garrett,* of Princeton, for appellees.

EMMERT, J.—The decisive issue in this appeal is whether the relator, a former member of the police department of the City of Princeton, was barred by laches from recovering in his action to mandate his restoration as a member of such police department. The trial court, upon its special finding of facts, concluded as a matter of law that relator was guilty of laches, and that the law was with the appellees, and from the adverse judgment thereon the State, on relation of Burton, appeals.

Princeton is a city of the fifth class, and on or about January 1, 1930, relator was employed as one of its policemen. On January 2, 1948, relator executed a request, prepared by his attorney, for an indefinite leave of absence, which was accepted by the Board of Public Works later on the same day. Relator charged in his

complaint that this request was demanded by the Board. As to this charge the court found as follows:

No. 6. "That at and prior to January 2nd, 1948, the Relator was told, in substance, by at least one member of the then Board of Public Works and Safety that his resignation was desired and that in the alternative, some method would be found or used to accomplish his separation from the Police Force; that a similar plan was used in connection with other members of the then Police Force in what the Court finds was a general plan intended to accomplish a change of personnel in the Police Force of said City. That no charges were presented or filed against the Relator as a basis for his severance from the Department and as provided in the law governing the Merit System as it applied to the Police Force; and no hearing was held as to any charges against the Relator as a cause of discharge or demand for resignation."

Additional findings material to the issue of laches are as follows:

No. 9. "That the Relator made no demand upon the Board of Public Works and Safety of the City of Princeton for reinstatement as an active member of the Police Force of the City of Princeton prior to the filing of his action herein in mandate, which was filed and this action commenced on July 7th, 1952, and that no legal or equitable justification existed for said delay of over $4\frac{1}{2}$ years."

No. 10 "That there have been other Police Officers appointed by the Board of Public Works and Safety of the City of Princeton since January 2nd, 1948, and that the Police Force of the said City has been kept to its full complement of needed Officers. That other persons have performed all the duties of said Police Department continuously since January 2nd, 1948, including those duties performed by the Relator prior to said date."

No. 11 "That the present members of the Police Department of the City of Princeton are likewise under the Merit System of the State of Indiana and that no cause for dismissal of any member of said Police Department is found to exist."

The public's interest is of first consideration in the tenure act for police and firemen, §48-6105, Burns' 1950 Replacement. "It has long been recognized in this State that better police service is insured by police departments being free from political control and by the members of such departments having a tenure of office dependent only on their ability to perform and conscientious performance of their duties." *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 455, 44 N. E. 2d 101.

Although an action in mandamus is an extraordinary legal remedy, equitable principles may prevent such relief.[1] "The writ of mandamus is an extraordinary writ, and, while not discretionary, it will only be issued by a court in the exercise of a sound legal discretion. 'It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands.' *People, ex rel.* v. *Board etc.* (1893), 137 N. Y. 201, 204, 33 N. E. 145." *Western Union Tel. Co.* v. *State, ex rel. Hammond Elevator Co.* (1905), 165 Ind. 492, 512, 76 N. E. 100, 3 L. R. A. (N. S.) 153.

Also, it is well settled by our prior decisions that laches will prevent a relator from relief by mandamus. "Laches or delay in making application for the writ, unless satisfactorily explained, may afford sufficient cause for its denial. In determining

---

[1] "Mandamus is regarded as an extraordinary remedy of an equitable nature. . . . " *Wampler* v. *State, ex rel. Alexander* (1897), 148 Ind. 557, 564, 47 N. E. 1068, 38 L. R. A. 829. See 34 Am. Jur., p. 829, §33.

what will constitute such unreasonable delay or laches as will defeat the right to mandamus, regard should be had to the circumstances, if any, justifying the delay, to the nature of the case, the relief demanded, and the question whether the rights of the defendant, other persons, or the public, as public corporations, have been prejudiced by the delay. [Citing authorities.]" *Teeple* v. *State ex rel. Bower, et al.* (1908), 171 Ind. 268, 276, 86 N. E. 49.[2] In that case there was a delay of more than two years in bringing the action, and the court held that the consolidation of three old school districts into one and the building of a new school house created such a change of the public's position that laches barred mandamus.

In the appeal at bar, the relator knew no charges had been preferred against him, and he could have refused to execute the request for an indefinite leave of absence. Assuming without deciding that his request for leave was coerced and unlawful, there was no reason why he could not have brought his action for full reinstatement within a few weeks. In the meantime the city changed its position and employed another policeman, who now has tenure rights under §48-6105, Burns' 1950 Replacement. The city's position has changed, and if it now be adjudicated that the relator

---

[2] "It was said in *Lindsay Petroleum* v. *Hurd* (1874), L. R. 5 P. C. 221: 'The doctrine of laches in courts of equity is not an arbitrary or a technical doctrine. Where it would be practically unjust to give a remedy, either because the party has, by his conduct, done that which might fairly be regarded as equivalent to a waiver of it, or where by his conduct and neglect he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were afterwards to be asserted, in either of these cases lapse of time and delay are most material. . . .'" *Ryason* v. *Dunten* (1905), 164 Ind. 85, 96, 73 N. E. 74.

should be restored to active service, the city would no doubt be faced with another action for his salary, when public funds have already been paid in salary for another who took his place. Under the facts in this record, the trial court correctly held relator was guilty of laches.

Judgment affirmed.

Bobbitt, C. J., Achor and Arterburn, JJ., concur.

Landis, J., not participating.

NOTE.—Reported in 134 N. E. 2d 692.