STATE EX REL. SHANNON *v.* HENDRICKS CIRCUIT COURT ET AL.

[No. 30,216. Filed June 22, 1962.]

*Joseph M. Shannon, pro se.*

*McNutt, Hurt & Blue,* of Martinsville, for respondents.

BOBBITT, J.—Relator seeks a writ of prohibition restraining respondents from exercising further jurisdiction in Cause No. 21837 in the Hendricks Circuit Court, wherein Daisy Jo Maxwell (now Daisy Jo Maxwell Stanley) was plaintiff and James D. Maxwell was defendant, in the enforcement of a contempt citation order. We issued a temporary writ.

The factual situation which gives rise to the action here is, briefly, as follows:

Relator herein represented one Daisy Jo Maxwell as her attorney, on a contingent fee basis, in the divorce action of Maxwell v. Maxwell, originally filed in the Morgan Circuit Court. After the happening of certain events which are not here important, the case was venued and retried in Hendricks County, Indiana, as Cause No. 21837 in the Hendricks Circuit Court.

Daisy Jo Maxwell was granted a divorce and relator and Grafton J. Kivett, an attorney of Martinsville, Indiana, who represented the defendant, James D. Maxwell, in the divorce action, were appointed Commissioners for the purpose of selling certain real estate and carrying out the stipulation and agreement pursuant to the property settlement.

The Commissioners' final report was filed on November 3, 1961. On December 7, 1961, an order

was entered by Richard J. Groover, Judge of the Hendricks Circuit Court, approving such final report, and discharging relator and his co-commissioner, Kivett, from any further duties and liabilities "in connection with said trust."

Relator received from himself and Kivett, as Commissioners, the total sum of $35,149.33, as the amount recovered in the property settlement for and on behalf of Daisy Jo Maxwell, in the form of two certified checks payable to Daisy Jo Maxwell and relator in the total sum of $34,829.33, and $320 in cash.

Relator not having been paid his fee for services rendered in the divorce action and in connection with the property settlement, retained possession of the certified checks and money which he received.

On or about February 8, 1962, a motion for an order directing relator to pay over to Daisy Jo Maxwell Stanley the moneys received by him in his capacity as her attorney in the divorce action was filed in the Hendricks Circuit Court. On February 8, 1962, an order was entered directing relator, Joseph M. Shannon, to pay over the funds he was then holding to Daisy Jo Maxwell Stanley, or show cause why he should not be punished for contempt of court.

On February 13, 1962, relator filed his reply affidavit in response to such order in which he stated that he was exercising an attorney's lien on said funds until his attorney fees, out-of-pocket expenses and filing fees and miscellaneous costs were paid by Daisy Jo Maxwell Stanley to relator.

On February 17, 1962, respondents entered an order finding relator guilty of contempt of court, and ordering him to pay over to said Daisy Jo Maxwell Stanley said funds and to pay costs incidental to the contempt proceedings.

The petition for writ of prohibition in this court followed.

Respondents assert jurisdiction of the subject matter of the action here upon two grounds: (1) under Acts 1881 (Spec. Sess.), ch. 38, §843, p. 240, being §4-3615, Burns' 1946 Replacement, which provides:

"When an attorney, on request, refuses to deliver over money or papers to a person from whom or for whom he has received them in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted (or if no action was prosecuted, then by the order of any court of record) to do so, within a specified time, or show cause why he should not be punished for contempt.";

and (2) that relator did not follow the statutory procedure for exercising an attorney's lien.

Relator asserts that §4-3615, *supra*, is not applicable to the factual situation here, and that he is exercising a retaining lien supplied by equity independent of the statute.[1]

If relator is exercising a valid retaining attorney's lien, then he is not refusing "to deliver over money" to a person for whom it was received within the meaning of §4-3615, *supra*, and respondents were without authority to cite him for contempt for failure to surrender the money of which he has possession.

The $35,149.33, which he holds, was recovered by the aid of relator and through his efforts as attorney for Daisy Jo Maxwell.

---

1. Acts 1949, ch. 52, §1, p. 155, being §4-3619, Burns' 1961 Cum. Supp.

Section 4-3615, *supra*, "does not attempt to cover the question of liens upon funds secured by the client through the aid of his employed attorney, and by other steps than a judgment." *Koons, Administrator, et al.* v. *Beach* (1897), 147 Ind. 137, 140, 45 N. E. 601.

The rule is well established in Indiana that the statutory lien is not the only lien available for the security of an attorney in performing services beneficial to his client, but that equity supplies a lien independent of statute. *Justice* v. *Justice* (1888), 115 Ind. 201, 208, 16 N. E. 615; *Koons, Administrator, et al.* v. *Beach, supra* (1897), 147 Ind. 137, 139-140, 45 N. E. 601.

An attorney has a right to apply money collected for his client upon the fees due him for making such collection; *The Union Mutual Life Insurance Company* v. *Buchanan* (1885), 100 Ind. 63, 79-80; and in the present case relator had a right to retain his fees out of the moneys which he received from the Commissioners as his client's (Daisy Jo Maxwell) share of the property settlement which had been recovered by his aid and through his efforts as her attorney. *Puett, et al.* v. *Beard, et al.* (1882), 86 Ind. 172, 174, 44 Am. Rep. 280; *Koons, Administrator, et al.* v. *Beach, supra* (1897), 147 Ind. 137, 140, 45 N. E. 601.

"A retaining lien is the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due him for professional services is paid.";

7 C. J. S., Attorney and Client, §210, p. 1141; and exists as long as the attorney retains possession of the subject matter. 7 C. J. S., Attorney and Client, §217, p. 1161.

*Lane* v. *Campbell* (1938), 214 Ind. 376, 14 N. E. 2d 552, upon which respondents rely to support their claim of jurisdiction, concerned money which had been delivered to appellant-Lane to discharge certain orders against the client. This money did not consist of a fund which Lane had recovered through his aid and efforts, but was the sole property of the client. No question of attorney's lien was involved and the Lane case is clearly distinguishable from the present case. It correctly states the law as applied to the facts of that case, but lends no support to respondents' position here.

Since relator retained a lien for his attorney fees and costs advanced upon the $35,149.33 received from the Commissioners as the amount recovered in the divorce action, both relator and Daisy Jo Maxwell Stanley held an undivided interest in the fund, and it was not "money received in the course of his [relator's] professional employment" for the sole benefit of a client, nor was it money received by relator for the client, Daisy Jo Maxwell Stanley, the title to which rested wholly and exclusively in her.

The statute does not contemplate that an attorney may be cited for contempt of court for failure to pay over to his client moneys upon which he is retaining a lien for his legal services.

The facts as shown by the record here do not bring the present case within the contempt citation provisions of §4-3615, *supra*.

The filing of a motion pursuant to §4-3615, *supra*, is a special statutory proceeding, and in order to

invoke its provisions the jurisdictional facts required by the statute must be shown. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 5, 106 N. E. 2d 441.

Since the facts shown by the record here are not such as to sustain a citation for contempt under the provisions of the statute, the respondents were without jurisdiction to issue the citation herein, and the alternative writ heretofore issued will, therefore, be made permanent.

Alternative writ heretofore issued is made permanent.

Arterburn, C. J., Jackson and Landis, JJ., concur.

Achor, J., dissents with opinion.

## DISSENTING OPINION.

ACHOR, J.—I cannot concur in the majority opinion for three reasons: First, because of relator's failure to comply with Rule 2-35 of this court; second, because, in my opinion, it does not appear from relator's petition that he is in a position where, in equity, he is entitled to the extraordinary relief which he demands and, third, because, in my opinion, relator does not show himself to be free of the contempt with which he is charged.

First: With respect to petitions for writs of mandamus and prohibition, Rule 2-35 provides:

"If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

As a defense to the action for contempt, which is the primary proceedings herein, relator asserts that

he successfully prosecuted an action for divorce for Daisy Jo Maxwell and that he is retaining the property in controversy as a lien for his fees in that case.

The statute, with respect to the payment of a wife's attorney's fees who secures a divorce for her, is as follows:

"And on decreeing a divorce in favor of the wife, or refusing one on the application of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife . . . ." [Acts 1939, ch. 160, §1, p. 738 (§3-1216, Burns' 1946 Repl.)].

Since, by his own admission, relator's sole claim to fees for which he asserts a lien on the property in controversy grows out of his services in the divorce action, and since the statute expressly provides that the payment of such fees shall be paid by the husband by order of the court and since relator's response does not specifically negate such payment, it seems imperative that the relator, at least, provide this court with a certified copy of the record in the divorce proceedings in order that we may have the record before us on the subject of attorney fees in the divorce proceedings. *State ex rel. Wilkerson* v. *East* (1954), 233 Ind. 657, 122 N. E. 2d 733; *State ex rel. Talkington* v. *Hoffman* (1947), 225 Ind. 475, 76 N. E. 2d 252.

Since relator has not provided us with any of the record in such proceedings required by Rule 2-35, it occurs to me that his petition must be denied.

Second: Although proceedings in mandamus and prohibition are statutory, they are equitable in char-

acter and persons who call upon this court for the exercise of this extraordinary remedy must present themselves in such a position as is required of all persons who seek equitable relief. *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3; *State ex rel. Burton* v. *City of Princeton* (1956), 235 Ind. 467, 134 N. E. 2d 692.

For the above stated reason, and for the further reason that an attorney's retaining lien, by which relator here justifies his action, is an equitable remedy, *Koons, Administrator, et al.* v. *Beach* (1897), 147 Ind. 137, 45 N. E. 601, the relator, who seeks this extraordinary equitable remedy in mandate and prohibition from this court, should first, by his petition, demonstrate that he himself has done equity. Otherwise, upon equitable principles, this court should leave him where it finds him.

Do the facts before us demonstrate that relator has done equity in this case? As stated in the majority opinion:

> "Daisy Jo Maxwell was granted a divorce and relator and Grafton J. Kivett, an attorney of Martinsville, Indiana, who represented the defendant, James D. Maxwell, in the divorce action, were appointed Commissioners for the purpose of selling certain real estate and carrying out the stipulation and agreement pursuant to the property settlement.
>
> . . .
>
> Relator received from himself and Kivett, as Commissioners, the total sum of $35,149.33, as the amount recovered in the property settlement for and on behalf of Daisy Jo Maxwell in the form of *two certified checks* payable to Daisy Jo Maxwell and relator in the total sum of $34,829.33, *and $320 in cash.* [My italics.]
>
> Relator not having been paid his fee for services rendered in the divorce action and in connection

144

with the property settlement, retained possession of the certified checks and money which he received."

The facts above stated clearly show that, although the amounts recovered in property settlement in the divorce action were received by relator in three separate but liquid forms and amounts, relator has retained the total amount as security for his fee. Under these circumstances, even though it be conceded that relator was entitled to retain a sufficient amount of the property recovered to secure payment of the amount claimed to be due him for his services, there is absolutely no justification in the record to sustain appellant's action in retaining *all* of the proceeds received in the settlement, even to the last $320 which was paid in cash. Relator does not divulge the amount of his claim for services, but we assume, and relator does not contend otherwise, that relator was not claiming all the amount received in the settlement as a fee for his services, and that at least one of the separate amounts received by him for his client should have been paid to her, notwithstanding relator's asserted attorney's lien. Because of these facts, it is my opinion that relator, by his own petition, has demonstrated that he has not done equity in the case and is, therefore, not entitled to the extraordinary equitable relief for which he now appeals to this court.

Three: It was the duty of the respondent court in this case to make such orders as were necessary for the payment of relator's fee as attorney. Likewise, it was the duty of the respondent court to ascertain that the property of the parties in the divorce action was, in fact, paid to them by the officers of the court according to his order. In my opinion, the respondent

court, upon being informed that none of said property reportedly paid to the divorced wife, had, in fact, been paid to her, properly permitted this action for contempt to be brought under Acts 1881 (Spec. Sess.), ch. 38, §843, p. 240 [§4-3615, Burns' 1946 Repl.]. Furthermore, it is my opinion that relator's response that he held the money pursuant to an attorney's lien did not excuse his action in retaining *all* of the property of his client which had been paid to him in severable amounts. In the absence of a contrary assertion, one must assume that it was not necessary for relator to retain all of said amounts to secure payment of his attorney fees. Therefore, in my opinion, relator's return to the citation for contempt did not, upon its face, constitute a defense to the action.

For these reasons, I would deny the writ.

NOTE.—Reported in 183 N. E. 2d 331.