Alan D. WILSON, Appellant–Plaintiff,

v.

SISTERS OF ST. FRANCIS HEALTH SERVICES INC., d/b/a St. Francis Hospital & Health Centers, Appellee–Defendant.

No. 34A02–1101–CC–57.

Court of Appeals of Indiana.

July 27, 2011.

Brian L. Oaks, Kokomo, IN, Attorney for Appellant.

Robert A. Anderson, Steven P. Lammers, Krieg DeVault, LLP, Schererville, IN, Libby Y. Goodknight, Krieg DeVault, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Alan Wilson appeals the trial court's grant of summary judgment to the Sisters of St. Francis Health Services, Inc., d/b/a St. Francis Hospital & Health Centers ("St. Francis"), regarding an alleged attorney lien. We affirm.

## Issues

Wilson raises three issues, which we restate as:

I.   whether Wilson had an equitable attorney lien on an insurance payment made to St. Francis;

II.  whether Wilson was entitled to a share of the insurance payment based on unjust enrichment; and

III. whether St. Francis had a hospital lien that was subordinate to an attorney lien by Wilson.

## Facts

In November 2007, T.W. was admitted to St. Francis in Beech Grove for emergency treatment of kidney cancer. St. Francis billed T.W. $26,524.27 for its medical services. T.W. had health insurance with Kaiser Permanente of Southern California, but Kaiser Permanente refused to pay for services rendered to T.W. because he did not receive the treatment in California. St. Francis hired a collection agency to collect payment from T.W.

T.W. retained Wilson to pursue Kaiser Permanente for its failure to pay the St. Francis bill, and T.W. agreed to pay Wilson on a contingency fee basis. On T.W.'s behalf, Wilson initiated an administrative appeal with Kaiser Permanente, which was successful, and in June 2009, Kaiser Permanente paid $26,524.27 directly to St. Francis.

Wilson then sent a letter to St. Francis and asserted "an attorney's lien for one-third (1/3) of any amount collected toward payment of the indebtedness...." Appellant's App. p 30. St. Francis refused to pay Wilson. Wilson filed a complaint against St. Francis seeking payment of the one-third contingency fee. Wilson filed a motion for summary judgment, arguing that he had an "equitable charging lien" on the insurance payment, that he was enti-

tled to payment under the attorney lien statute, Indiana Code Section 32–33–4–3, and that he was entitled to payment based on unjust enrichment/quantum meruit. *Id.* at 36. St. Francis filed a cross motion for summary judgment, arguing that Wilson was not entitled to a common law or statutory attorney lien and that St. Francis did not contract with Wilson. In response, Wilson argued that he was also entitled to judgment because St. Francis had asserted a hospital lien, which is subordinate to an attorney fee lien.

The trial court granted St. Francis's motion for summary judgment and denied Wilson's motion for summary judgment. The trial court found that Wilson did not have a valid common law or statutory attorney fee lien, that Wilson's reliance on the hospital lien statute was misplaced, and that Wilson was not entitled to payment from St. Francis based on unjust enrichment or quantum meruit. The trial court noted that contingency fee agreements do not control third parties and that, even if Kaiser Permanente or St. Francis had paid Wilson's contingency fee, T.W. would still have owed that amount to St. Francis. Wilson now appeals.

## Analysis

Wilson appeals the trial court's grant of summary judgment to St. Francis and the trial court's denial of his motion for summary judgment. Our standard of review for summary judgment is the same standard used by the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Sheehan Constr. Co. v. Cont'l Cas. Co.*, 938 N.E.2d 685, 688 (Ind. 2010). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Sheehan*, 938 N.E.2d at 688. Also, review of a sum-

mary judgment motion is limited to those materials designated to the trial court. *Id.*

Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Id.* at 689. If the opposing party fails to meet its responsive burden, the court shall render summary judgment. *Id.*

### I.  Equitable Attorney Fee Lien

■ Wilson argues that he has a valid equitable attorney fee lien on the payment made by Kaiser Permanente to St. Francis. "The rule is well established in Indiana that the statutory lien is not the only lien available for the security of an attorney in performing services beneficial to his client, but that equity supplies a lien independent of statute."[1] *State ex rel. Shannon v. Hendricks Circuit Court,* 243 Ind. 134, 139, 183 N.E.2d 331, 333 (1962). Although most of the cases cited by Wilson concern "retaining liens," Wilson asserts that he has a "charging lien."

■ "A retaining lien is the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due him for professional services is paid ... and exists as long as the attorney retains possession of the subject matter." *Shannon,* 243 Ind. at 139–40, 183 N.E.2d at 333. Here, Wilson never had possession of T.W.'s money, and consequently, a retaining lien is inapplicable.

■ A charging lien is the equitable right of attorneys to have the fees and costs due them for services in a suit secured out of the judgment or recovery in that particular suit. *Bennett v. NSR, Inc.,* 553 N.E.2d 881, 884 (Ind.Ct.App.1990). "Unlike retaining liens, possession is not essential to a charging lien." *Id.* (citing 7A C.J.S. Attorney & Client § 359 (1980)). Wilson cites no cases allowing a charging lien under circumstances like those facts here. In particular, Wilson cites no authority for the proposition that insurance payments made to a third party under the client's health insurance policy are subject to a charging lien. The trial court's grant of summary judgment to St. Francis on this issue was proper. *See Mitchell v. Huntsville Hospital,* 598 So.2d 1358 (Ala. 1992) (holding that an attorney was not entitled to attorney fees from a payment made by his client's health insurance carrier to a hospital for the client's bill despite a contingency fee agreement between the attorney and the client).

### II.  Unjust Enrichment

■ Next, Wilson argues that he is entitled to attorney fees from St. Francis based on an unjust enrichment theory. A claim for unjust enrichment "is a legal fiction invented by the common law courts in order to permit a recovery ... where the circumstances are such that under the law of natural and immutable justice there should be a recovery...." *Zoeller v. E. Chicago Second Century, Inc.,* 904 N.E.2d 213, 220 (Ind.2009) (quoting *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991), *cert. denied*). "A person who has been unjustly enriched at the expense of another is required to make restitution to the

---

1. A statutory attorney fee lien is governed by Indiana Code Section 33–43–4–1, which provides: "An attorney practicing law in a court of record in Indiana may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." The statutory lien is inapplicable here because no judgment was entered.

other." *Id.* (quoting Restatement of Restitution § 1 (1937)). To prevail on a claim of unjust enrichment, a claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. *Id.*

■ According to Wilson, St. Francis has been unjustly enriched because it benefited from Wilson's work without having to pay for the work. The trial court noted that T.W. also benefited from Wilson's work. St. Francis provided medical services to T.W., and T.W. owed $26,524.27 to St. Francis as a result. T.W. retained Wilson to contest Kaiser Permanente's denial of his health insurance claim, and Kaiser Permanente ultimately paid the amount owed by T.W. There is no evidence that T.W. retained Wilson to challenge St. Francis's claim for medical services as being improper, nor has he ever asserted that T.W. did not owe St. Francis.

Under Wilson's argument that St. Francis's recovery from Kaiser Permanente should be reduced by his attorney fees, T.W. would benefit from Wilson's work and would not have to pay, resulting in T.W.'s enrichment at St. Francis's expense. However, as the trial court and St. Francis point out, even if Kaiser Permanente's payment to St. Francis were reduced by Wilson's attorney fees, T.W. would still owe that amount to St. Francis. *See, e.g., Clarian Health Partners v. Evans,* 848 N.E.2d 763, 767–68 (Ind.Ct.App. 2006) (holding that, where settlement proceeds from a personal injury action were insufficient to satisfy lien amounts and a hospital was required under the Hospital Lien Statute to reduce its lien on a pro rata basis, the remainder of the patient's debt to the hospital was not released and was still owed by the patient), *trans. denied.*

We agree with St. Francis that the hospital, which is "a stranger" to the contingency fee agreement between T.W. and Wilson, "should not be forced to carry the burden of [T.W.'s] contractual obligations...." Appellee's Br. p. 19. There is no dispute that St. Francis provided services to T.W. and is entitled to full payment for its services. Wilson presented no evidence that a measurable benefit has been conferred on St. Francis under such circumstances that St. Francis's retention of the Kaiser Permanente insurance payment without payment of attorney fees to Wilson would be unjust. The trial court properly granted summary judgment to St. Francis on this claim.

### III. Hospital Lien

■ Next, Wilson argues he was entitled to receive his attorney fees from St. Francis because St. Francis had a hospital lien that was subordinate to his attorney lien. Indiana Code Section 32–33–4–3 governs hospital liens and provides:

(a) A person, a firm, a partnership, an association, a limited liability company, or a corporation maintaining a hospital in Indiana or a hospital owned, maintained, or operated by the state or a political subdivision has a lien for all reasonable and necessary charges for hospital care, treatment, and maintenance of a patient (including emergency ambulance services provided by the hospital) upon any cause of action, suit, or claim accruing to the patient, or in the case of the patient's death, the patient's legal representative, because of the illness or injuries that:

(1) gave rise to the cause of action, suit, or claim; and

(2) necessitated the hospital care, treatment, and maintenance.

(b) The lien provided for in subsection (a):

   (1) except as provided in subsection (c), applies to any amount obtained or recovered by the patient by settlement or compromise rendered or entered into by the patient or by the patient's legal representative;

   (2) is subject and subordinate to any attorney's lien upon the claim or cause of action;

   (3) is not applicable to accidents or injuries within the purview of:

      (i) IC 22–3;

      (ii) 5 U.S.C. 8101 et seq.; or

      (iii) 45 U.S.C. 51 et seq.;

   (4) is not assignable; and

   (5) must first be reduced by the amount of any medical insurance proceeds paid to the hospital on behalf of the patient after the hospital has made all reasonable efforts to pursue the insurance claims in cooperation with the patient.

(c) If a settlement or compromise that is subject to subsection (b)(1) is for an amount that would permit the patient to receive less than twenty percent (20%) of the full amount of the settlement or compromise if all the liens created under this chapter were paid in full, the liens must be reduced on a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of the full amount.

The underlying purpose of the Hospital Lien Statute is to "insure that hospitals are compensated for their services." *Cmty. Hosp. v. Carlisle*, 648 N.E.2d 363, 365 (Ind.Ct.App.1995). This purpose is effected by giving a hospital a "lien" or "charge or security or incumbrance upon" any action, compromise or settlement later obtained by the patient. *Id.* "By allowing health care providers direct interests in funds collected by personal injury patients, the statute furthers the important policy of reducing the amount of litigation that would otherwise be necessary to secure repayment of the health care debts." *Id.*

Here, St. Francis sent Wilson a "Notice of Hospital Lien" claiming a lien on "any claim or demand or cause of action" that T.W. had against a tortfeasor as a result of the tortfeasor's alleged negligence or wrongful act that caused T.W.'s injuries. Appellant's App. p. 29. However, T.W.'s hospitalization was the result of treatment for cancer, not the result of a tortfeasor's alleged negligence or wrongful act. St. Francis did not have a valid lien on "any cause of action, suit, or claim accruing to the patient ... because of the illness or injuries" that "gave rise to the cause of action, suit, or claim" and "necessitated the hospital care, treatment, and maintenance." I.C. § 32–33–4–3. T.W.'s illness did not give rise to a cause of action, suit, or claim. Rather, the dispute here was Kaiser Permanente's claim that T.W.'s health insurance policy did not cover the St. Francis bill. Moreover, Wilson did not have a valid attorney lien.

Because St. Francis did not have a valid hospital lien and Wilson did not have a valid attorney lien, the statutory requirement that a hospital lien be "subject and subordinate to any attorney's lien" was not applicable. *Id.* The trial court properly granted summary judgment to St. Francis on this claim.

### Conclusion

The trial court properly granted St. Francis's motion for summary judgment and denied Wilson's motion for summary judgment regarding payment of his attorney fees by St. Francis. We affirm.

Affirmed.

RILEY, J., and DARDEN, J., concur.