James J. Conroy, J.
On September 8, 1960, an order was made upon the motion of the executor of the estate of the plaintiff to substitute attorneys for the plaintiff. Said order-fixed the reasonable fee of the outgoing attorney in the sum of $2,000, and that his retaining lien on the papers and exhibits in his possession should be discharged upon the payment of that sum to him.
The new attorney for the plaintiff has now served upon the former attorney a subpoena duces tecum directing him to produce at the trial of the action the documents in his possession upon which he has the foregoing retaining lien. The former attorney *882 now moves to quash said subpoena upon the ground that an attempt is being made by indirection to impair, if not destroy, his retaining lien.
A retaining lien is a possessory lien (Matter of Cooper, 291 N. Y. 255, 260). Thereby the replaced attorney is afforded “ the same advantage as any other workman who is entitled to retain the things upon which he has worked, until he is paid for his work.” (Goldman v. Rafel Estates, 269 App. Div. 647, 649.)
No definite rules have been laid down governing the circumstances under which an attorney having such a possessory lien may be required to turn over the papers to his client, prior to the payment of his fee, or what conditions may be imposed in the way of security. (Bloom v. Irving Trust Co., 152 Misc. 50, 53.) The power to compel such turnover is discretionary “ and may be invoked only upon proof that insistence by the attorney upon retention of the papers would be unfair if security is otherwise given to the attorney ” (emphasis supplied). (Leviten v. Sandbank, 291 N. Y. 352, 358.) Differently stated, where the retention of papers by an attorney may serve to embarrass a former client, the attorney may be required to deliver them even though his retaining lien is thereby destroyed “ upon receiving proper security for his compensation ”. (Robinson v. Rogers, 237 N. Y. 467, 471-473.)
In Matter of Sorin v. Shahmoon Ind. (20 Misc 2d 149), a motion was made to quash a subpoena duces tecum directing the former attorneys of defendants to produce at the trial documents in their possession, which had no inherent worth as such, but upon which they had a retaining lien. In a comprehensive opinion written by Mr. Justice Matthew M. Levy he came “ to the considered conclusion that, on balance, the most equitable result to be reached in this case would be to require the attorneys to produce and deliver the documents, but upon the condition that the defendant, Solomon E. Shahmoon, post security in protection of their claim of lien ” (p. 158). Since, unlike the case at bar, the legal services rendered by the former attorneys had not been evaluated, a reference was directed to ascertain the amount "of the security.
In the case at bar, no such reference is necessary inasmuch, as already noted, the order substituting attorneys fixed the amount of the lien. Accordingly, the motion will be granted unless such lien is secured by an undertaking or some other form of security acceptable to the former attorney or approved by this court.