OPINION OF THE COURT
Seymour Schwartz, J.
In this action for attorneys’ fees, plaintiff moves for a protective order with respect to defendant’s demand for discovery and inspection of all of plaintiff’s files relating to defendant, its former client. Defendant interposed a counterclaim alleging malpractice and contends that plaintiff’s files are essential to her prosecution of the counterclaim. Plaintiff argues that compliance with the demand for discovery and inspection would effectively nullify its retaining lien on the files.
The retaining lien is analogous to the artisan’s or mechanic’s lien, for like any other craftsman, an attorney may retain his work product until paid. (Mercantini v Innamorati, 27 Misc 2d 881 [1960], lv denied, amended on other grounds 12 AD2d 794 [1961].) The lien is designed to inconvenience the client by denying access to pleadings and papers which in *73 themselves are ordinarily without intrinsic value. (Goldman v Rafel Estates, 269 App Div 647 [1945].)
However, the files here are of significant value to defendant since without them she may be foreclosed from successfully prosecuting her counterclaim. There is no authority for the proposition that a retaining lien may be asserted to bar a malpractice claim, particularly since the lien is forfeited where an attorney withdraws from a pending matter without just cause, as defendant alleges. (Goldman v Rafel Estates, supra.)
The court notes that in Rosen v Rosen (97 AD2d 837 [2d Dept 1983]), a case not cited by either side, the Appellate Division, Second Department, affirmed an award of a charging lien instead of a retaining lien, where due to the former client’s indigency a retaining lien would have prevented her from obtaining her file and thereby "render it almost impossible to prepare her case [a matrimonial action] for trial”. (Supra, 97 AD2d, at 837; accord, Williams v Hertz Corp., 75 AD2d 766 [1st Dept 1980].)
In weighing the competing interests of an attorney to his retaining lien, and a former client to disclosure of files needed to proceed with a claim of legal malpractice, the client’s rights are paramount.
Accordingly, the motion for a protective order is denied.