**In re the Subpoena Duces Tecum to H. Kennard BENNETT, Appellant,**

**v.**

**NSR, INC., Appellee.**

**NSR, INC., Plaintiff and Counter–Defendant,**

**v.**

**DREYER ROBERTS, INC., et al., Defendants, Counter–Claimant and Third–Party Plaintiff,**

**v.**

**William GARDNER, Third–Party Defendant.**

**No. 49A02–8906–CV–258.**

Court of Appeals of Indiana, Second District.

May 10, 1990.

H. Kennard Bennett, Brazill & Bennett, Indianapolis, for appellant.

Dean T. Barnhard, Klineman, Rose, Wolf & Wallack, Indianapolis, for appellee.

BUCHANAN, Judge.

CASE SUMMARY

Appellant H. Kennard Bennett (Bennett) appeals the denial of his motion to modify or quash the subpoena duces tecum issued by the Marion County Superior Court,

---

Room 6 (the trial court), requiring him to produce the documents and records in his possession belonging to his former client, appellee NSR, Inc. (NSR), claiming his attorney's retaining lien on the documents allows him to retain possession until NSR pays its outstanding legal fees.

We reverse.

## FACTS

The facts most favorable to the trial court's judgment reveal that Bennett and his law firm had previously rendered legal services to NSR for which compensation was never received, causing Bennett to file suit in another court against NSR on January 20, 1989 to recover legal fees owed to Bennett.

NSR, in the underlying proceeding to this appeal, sought documents and records in Bennett's possession which were needed by NSR in litigation between NSR, Dreyer Roberts, Inc., et al. and William Gardner. The trial court issued a subpoena duces tecum for the production of NSR's records on April 24, 1989. Bennett responded with a motion to modify the subpoena and asserted his attorney's retaining lien over the documents. After that motion was denied, Bennett sought to quash the subpoena, which motion was also denied. Bennett now appeals the denial of those motions.

## ISSUE

Whether Bennett can be compelled to furnish records and documents over which he asserts an attorney's retaining lien?

## DECISION

PARTIES' CONTENTIONS—Bennett claims that because Indiana recognizes an attorney's common law retaining lien, the trial court erred when it ordered him to produce the documents and records subject to his lien. NSR responds that public policy and ethical considerations require the

production of such records and that even if a retaining lien is recognized it should be limited to the lawyer's work product.

CONCLUSION—Bennett should not be required to furnish any of the documents and records subject to his retaining lien unless he is given security for the value of his lien.

Indiana has not decided whether an attorney may quash or modify a subpoena duces tecum because of the assertion of a retaining lien held on the subject matter of the subpoena. Other courts have considered this precise question and their opinions give us guidance.

Indiana law has in the past recognized the validity of an attorney's retaining lien. In *State ex rel. Shannon v. Hendricks Circuit Court* (1962), 243 Ind. 134, 183 N.E.2d 331, our supreme court determined an attorney's retaining lien exists as long as the attorney retains possession of the subject matter of the lien. The court defined a retaining lien as "the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due him for professional services is paid." *Id.* at 139, 183 N.E.2d at 333, *quoting* 7 C.J.S. *Attorney & Client* § 210, p. 1141.

Retaining liens [1] are widely accepted in the United States, and have been compared to mechanic's or artisan's liens. Lawyers are merely afforded the same advantage enjoyed by workmen who labor on behalf of others. It is considered equitable that lawyers be allowed to retain documents and other personal property of their clients until paid. *See generally* 7A C.J.S. *Attorney & Client* § 358 (1980). The retaining lien is only as valuable as the documents possessed by the attorney and the inconvenience caused to the client by the attorney's retention. *Foor v. Huntington Nat'l Bank* (1986), 27 Ohio App.3d 76, 499 N.E.2d 1297; 7A C.J.S. *Attorney & Client* 358 (1980). There is an old saying emanat-

---

**1.** Retaining liens are to be distinguished from charging liens which are the equitable rights of attorneys to have the fees and costs due them for services in a suit secured out of the judg-
ment or recovery in that particular suit. Unlike retaining liens, possession is not essential to a charging lien. *See* 7A C.J.S. *Attorney & Client* § 359 (1980).

ing from early common law to the effect that t'is a "pitie" to separate an attorney and his client. But by the time an attorney asserts a retaining lien they are separated.

█ While our supreme court recognized retaining liens in *Shannon, supra,* it has not considered the enforcement of the lien when confronted with a subpoena duces tecum arising out of litigation of the client with a third party. Bennett would have us strictly enforce his right to retain possession of NSR's papers and prevent NSR from obtaining them until its obligation is satisfied. NSR, on the other hand, asks us to allow the trial court to use its inherent power to order complete release of the documents. The best reasoned cases we have found require the attorney to relinquish possession and control of the property subject to the retaining lien, but protect him with proper security for the compensation claimed.

In *Leviten v. Sandbank* (1943), 291 N.Y. 352, 52 N.E.2d 898, New York's highest court considered this question, concluding that "the attorney should be required to deliver up the papers upon receiving proper security for his compensation...." *Id.* at 357, 52 N.E.2d at 901, *quoting Robinson v. Rogers* (1924), 237 N.Y. 467, 473, 143 N.E. 647, 649.

More recently, the Ohio court in *Foor, supra,* directed the trial court to order the production of the documents conditioned upon the client giving security for payment of the fee secured by the retaining lien:

> "The rationale of enforcing the subpoena duces tecum upon the giving of appropriate security is a substitution of the security for the retaining lien. Although some of the coercive effect of the retaining lien may be diminished, this is counterbalanced by an assurance to the attorney that he will be paid in the event that he seeks and obtains a judgment for the fees remaining unpaid."

*Id.* at 80, 499 N.E.2d at 1302.

The court in *Upgrade Corp. v. Michigan Carton Co.* (1980), 87 Ill.App.3d 662, 43 Ill.Dec. 159, 410 N.E.2d 159, also concluded a trial court must give an attorney assert-

ing a retaining lien some form of security before compelling the attorney to furnish documents. The court went on to conclude that a statutory lien attaching to the settlement or favorable judgment in the pending action was inadequate security, as there was no certainty the client would be successful in the pending litigation.

In *Jenkins v. Weinshienk* (10th Cir. 1982), 670 F.2d 915, after concluding the trial court could not compel an attorney to yield records subject to a retaining lien absent sufficient security, it was decided "the trial court must either permit the attorney to withhold other papers under his retaining lien or require the defendants to post a bond large enough to protect [the attorney's] claim." *Id.* at 920 (footnote omitted).

The *Jenkins* rationale was recently followed in *Federal Land Bank of Jackson v. Federal Intermediate Credit Bank of Jackson* (S.D.Miss.1989), 127 F.R.D. 473, the court upholding the validity of the nonparty attorney's lien and denying a motion to quash a subpoena duces tecum on the condition the client pay the attorney's claim or provide adequate security.

█ So it is with no reluctance that we conclude Bennett should be required to produce those documents and other personal property in his possession over which he claims a retaining lien, but *only if* the trial court in its discretion provides for adequate security for the payment of the fees NSR owes him.[2] *Jenkins, supra; Upgrade, supra; Morse v. Eighth Judicial District Court* (1948), 65 Nev. 275, 195 P.2d 199; *Leviten, supra; Mercantini v. Innamorati* (1960), 27 Misc.2d 881, 209 N.Y.S.2d 581; *Foor, supra.*

NSR claims that this court's opinion in *McKim v. State* (1988), Ind.App., 528 N.E.2d 484, is relevant. The court in *McKim* considered a client's request for documents from his attorney which the attorney refused until the client paid the cost of copying and mailing the papers requested. *McKim,* however, is a criminal case and is wholly inapposite. The court in *McKim* did not consider documents over which an attorney claimed a retaining lien,

---

**2.** No argument is made that the amount of the fees claimed to be due are excessive.

or any other lien or interest, the attorney basing his refusal to yield the documents on the payment of the cost of their reproduction.

As to NSR's claim that the retaining lien should be limited to the attorney's work product, the supreme court, in *Shannon, supra*, authorized an attorney to retain possession of *any* of the "client's documents, money or other property which *comes into the hands of the attorney professionally . . . .*" *Id.* at 39, 183 N.E.2d at 333 (emphasis supplied). Thus, it would seem the retaining lien is not limited to the attorney's work product.

■ Lastly, NSR suggests that retaining liens as such are unethical and should be disallowed when they cause hardship or inconvenience to the client. Not so. Ind. Rules of Procedure, Professional Conduct Rule 1.16(d) (West 1990) explicitly allow attorneys to retain the papers of clients to the extent permitted by law.[3] Attorney's retaining liens originated in the common law and have long been recognized as proper. 7A C.J.S. *Attorney & Client* 358 (1980).

NSR cites decisions in *other* states finding the assertion of such liens to be unethical and illegal. The Indiana Supreme Court has exclusive jurisdiction of discipline of the members of the bar, Ind. Const. Art. VII, Sec. 4; Ind.Rules of Procedure, Admission and Discipline Rule 23, sec. 1, and until it sees fit to change the existing law on the subject, the retaining lien stands.

The trial court's judgment is reversed and remanded for further proceedings consistent herewith.

SHIELDS, P.J., and CONOVER, J., concur.

**3.** Professional Conduct Rule 1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."