**Randy L. ADAMS, an Adult Person, by Randy R. ADAMS, guardian, and Randy R. Adams, individually, and as parent of Plaintiff, Randy L. Adams, Plaintiffs,**

**v.**

**SAND CREEK, INC., a general partner of Sand Creek Partners, L.P., individually, and Sand Creek, Inc., d/b/a Deer Creek Music Center, Pacers Basketball Corporation, Individually, and Pacers Basketball Corporation d/b/a Market Square Arena, Sunshine Promotions, Inc., d/b/a Sunshine Artists Agency, Emerald Security Group, Inc., Metallica, Inc., and Metallica, a subsidiary or activity of Metallica, Inc., and Lars Ulrich, James Hetfield, Kirk Hammett, Jason Newsted, individually, We're Only In It For The Music, a California General Partnership, and Miller Brewing Company, Defendants.**

No. 29A02–0607–CV–607.

Court of Appeals of Indiana.

Jan. 31, 2007.

Stanley Kahn, Kevin DeVille, Rochelle E. Borinstein, Law Office of Stanley Kahn, Indianapolis, IN, Attorneys for Appellant Stanley Kahn Professional Corporation.

Carl A. Markovich, Richards, Boje, Pickering, Benner & Becker, Noblesville, IN, Attorney for Appellee Richards, Boje, Pickering, Benner & Becker.

## OPINION

CRONE, Judge.

### Case Summary

Stanley Kahn Professional Corporation ("Kahn P.C.") appeals the trial court's order requiring it to post bond to secure an attorney fee lien filed by Richards, Boje, Pickering, Benner & Becker ("RBPBB"). We vacate the order.

### Issue

Kahn P.C. raises one issue, which we restate as whether the trial court abused its discretion by ordering Kahn P.C. to post bond to the Hamilton County Clerk to provide security for RBPBB's attorney fee lien on the proceeds of a confidential settlement agreement between plaintiffs and several defendants in the above-captioned lawsuit.

### Facts and Procedural History

On June 28, 1996, Randy L. Adams and Randy R. Adams ("Plaintiffs") filed a complaint for damages in Hamilton Superior

Court, seeking damages for injuries that Randy L. Adams allegedly received in a mosh pit during a Metallica concert at Deer Creek Music Center in Noblesville. The case was moved to Marion Superior Court by agreement of all parties. In early March 1999, it was transferred back to Hamilton Superior Court. On March 15, 1999, Stanley Kahn of Kahn P.C., who represented Plaintiffs, asked Melvin Richards of RBPBB if his firm would be willing to serve as local counsel in the Adams case. Richards agreed, and on March 22, 1999, he sent a confirmation letter to Kahn that stated in part as follows: "It is our understanding that we will be representing the plaintiffs as local counsel. . . . We also understand that we will be compensated by 20% of your fee." Appellant's App. at 7. Kahn P.C. and RBPBB never entered into a written fee agreement. After Richards died in 2001, RBPBB continued to serve as local counsel for Plaintiffs.

In February 2006, several of the defendants entered into a confidential settlement with Plaintiffs. After the proceeds were disbursed, Stanley Kahn contacted RBPBB attorney Eric Benner to discuss the allocation of attorney fees, and they were unable to reach an agreement as to the amount owed to RBPBB. On April 24, 2006, Benner filed a petition for allocation of attorney fees and a motion to set bond in Hamilton County Superior Court. On April 25, 2006, Benner filed a notice of attorney lien to secure RBPBB's alleged interest in the proceeds of the settlement agreement. On May 15, 2006, Kahn P.C. filed a motion to dismiss the petition for allocation of attorney fees for lack of jurisdiction and improper venue. The trial court granted Kahn P.C.'s motion to dismiss "for the reason that a new cause of

action should be initiated in Marion County." Appellant's App. at 16.

As for the motion to set bond, the trial court held a hearing, and the parties prepared briefs on the issue. On June 2, 2006, the trial court ruled in relevant part as follows:

1. That this cause of action was filed and settlement was reached as to all Defendants as to Emerald Security Group, Inc.

2. That Stanley Kahn and/or Stanley Kahn Pro. Corp. has received attorneys fees from such settlement and has also received reimbursement of all expenses.

3. That concerning the Defendant Emerald Security Group, Inc., summary judgment was given for Emerald Security Group, Inc., and against the Plaintiffs, and such matter is now on appeal.

4. That the controversy between the Plaintiffs and Emerald Security Group, Inc. and other Defendants may still be at issue, and this matter remains set for trial by jury on October 23, 2006.

5. That this court has jurisdiction to set a bond concerning the above-stated attorney's lien for the reason that the efforts of the law firm of Richards Boje Pickering Benner & Becker were used in obtaining the settlement in this cause and because as shown above, this cause of action is continuing.

6. That notice of attorney lien has been filed and parties do not dispute that pursuant to I.C. § 33–43–4–1, an attorney lien may be filed.[1]

---

1. Indiana Code Section 33–43–4–1 states: "An attorney practicing law in a court of record in Indiana may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." There is no judgment

7. That the Court finds that in addition to the above-stated statute, Indiana courts have long held that there are equitable charging and retaining liens which attorneys may use to guarantee payment of fees.

8. That the Court takes notice of the contribution of the work of Melvin Richards, Eric Benner, and Richards Boje Pickering Benner & Becker in the prosecution of this case.

9. That such amount as set forth in the written communication ... between Mr. Richards and Mr. Kahn would be a reasonable attorney fee, and is therefore a reasonable amount to set as bond.

10. That Richards Boje Pickering Benner & Becker have an equitable right to place a lien against any and all settlements that have been collected in this cause and that they have a statutory right to place a lien against any judgment that may be rendered in this pending cause.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a security bond is hereby set in the amount of [REDACTED].[2]

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Stanley Kahn and/or Stanley Kahn Pro. Corp. shall immediately deposit such above-stated bond with the Clerk of Hamilton County, to be deposited into an interest-bearing account.

Appellant's App. at 18–20.

On June 12, 2006, Kahn P.C. requested a stay of the trial court's order, which was denied. On June 16, 2006, RBPBB filed a verified motion for rule to show cause to enforce the trial court's order to deposit the funds. On June 20, 2006, Kahn P.C. deposited the requisite funds with the Hamilton County Clerk. Kahn P.C. now appeals the trial court's order.

### Discussion and Decision

At the outset, we note that the case before us is a unique one. Its procedural posture is highly unusual and we therefore limit our holding to the specific facts herein.

Kahn P.C. concedes that RBPBB "[was] entitled to a lien and did, in fact, have a valid attorney fee lien" on the settlement proceeds in the captioned case. Appellant's Reply Br. at 1. Kahn P.C. contends, however, that the trial court had no subject matter jurisdiction with regard to the fee dispute and thus erred in ordering Kahn P.C. to post bond to secure the lien. RBPBB counters that, pursuant to the Indiana Trial Rules and relevant caselaw, the trial court's order was proper.

There is no question that the trial court had subject matter jurisdiction in this case. The only relevant inquiry in determining whether a court has subject matter jurisdiction is whether the kind of claim advanced by the petitioner falls within the general scope of authority conferred upon that court by the constitution or by statute. *Hite v. Vanderburgh County Office of Family and Children*, 845 N.E.2d 175, 179 (Ind.Ct.App.2006). Indiana Code Section 33–33–29–7 states: "Each Hamilton superior court has concurrent jurisdiction, both original and appellate, with the Hamilton circuit court in all civil actions and proceedings at law and in equity, in all

in this case to which Indiana Code Section 33–43–4–1 would apply. This does not preclude the existence or enforcement of an equitable lien, however.

2. In order to protect the confidentiality of the settlement agreement in this case, this appeal is sealed, and all information related to the amount of the settlement has been redacted from the record.

juvenile matters, and in all criminal and probate matters, actions, and proceedings of which the Hamilton circuit court has jurisdiction." The dispute between Kahn P.C. and RBPBB, a civil action, is clearly the type of case over which Hamilton Superior Court has jurisdiction pursuant to statute.

■ As our supreme court recently noted, Kahn P.C.'s oversight in characterizing its claim as jurisdictional is not uncommon. "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension. The fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction." *K.S. v. State,* 849 N.E.2d 538, 541 (Ind.2006). The issue raised by Kahn P.C. is more properly framed as whether the trial court had authority—by trial rule, statute, or otherwise—to order Kahn P.C. to post a bond in this case. We review a trial court's decision to fix a security bond for an abuse of discretion. *Titus v. Rheitone, Inc.,* 758 N.E.2d 85, 95 (Ind.Ct.App.2001), *trans. denied.*

■ First, we will determine whether the Indiana Trial Rules were a valid source of authority for the trial court's order. The parties agree that Indiana Trial Rule 67(A), which governs deposits in court prior to judgment, does not apply in the instant case. They strongly disagree, however, as to the relevance of Indiana Trial Rule 64. RBPBB claims that the trial court's order was proper under Trial Rule 64(A), which states as follows:

(A) **Ancillary remedies to assist in enforcement of judgment.** At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the

purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law and existing at the time the remedy is sought. The remedies thus available include, without limitation, arrest, attachment, attachment and garnishment, lis pendens notice, ejectment, replevin, sequestration, and other corresponding or equivalent legal or equitable remedies, however designated and regardless of whether by existing procedure the remedy is ancillary to an action or must be obtained by an independent action.

RBPBB claims that this rule gives the trial court authority to require Kahn P.C. to post bond because it "makes ancillary remedies available 'during the course of an action' to assist in the enforcement of a judgment." Appellee's Br. at 9 (emphasis omitted).

We read the rule differently, however. The first sentence of Trial Rule 64(A) indicates that the remedies to which the rule applies are those that secure satisfaction of the judgment that will eventually be entered in that particular action. In other words, a trial court generally would be authorized to order a defendant to post bond to secure satisfaction of the judgment that may ultimately be rendered in favor of the plaintiff. Here, however, Kahn P.C. and RBPBB were not parties to the action before the trial court. The fee dispute between these two entities will presumably be resolved in a separate lawsuit in which they are named parties.[3] Clearly, the trial court in that action would have the authority to enter such an order. However, this trial court did not have the authority under Trial Rule 64(A) to order Kahn P.C. to post bond in this case.

3. The record indicates that RBPBB filed suit against Kahn P.C. in Marion Superior Court

after the Hamilton Superior Court ordered Kahn P.C. to post bond in the instant case.

RBPBB also points to Trial Rule 64(B)(3), which states that "[a]ttachment . . . shall be allowed in favor of the plaintiff suing upon a claim for money, whether founded on contract, tort, equity or any other theory. . . ." Again, however, we note that this rule contemplates remedies that may be afforded to the *plaintiff* in a lawsuit filed to recover money from another party. That is not the situation here, as RBPBB and Kahn P.C. are not parties in this case. Thus, the trial court had no authority under Trial Rule 64(B)(3) to order Kahn P.C. to post bond.

Alternatively, RBPBB cites one Indiana case in support of its position that the trial court's order requiring Kahn P.C. to post bond was proper. In that case, a lawyer had provided legal services to his client but was not compensated for his work. *See Bennett v. NSR, Inc.,* 553 N.E.2d 881 (Ind.Ct.App.1990). Bennett filed suit against his client, NSR, Inc., to recover the unpaid legal fees. In a separate action, NSR sued Bennett for the production of documents and records in Bennett's possession that were needed by NSR in other litigation. Bennett refused to return the documents, asserting his attorney's retaining lien over them. In other words, he was attempting to secure payment of his fees by retaining the client's documents, a legal practice in Indiana. *Id.* at 884. As noted in *Bennett,* "[t]he retaining lien is only as valuable as the documents possessed by the attorney and the inconvenience caused to the client by the attorney's retention." *Id.* at 882. This Court concluded that Bennett should be required to turn over NSR's property *only if* the trial court were to provide for adequate security for the fees allegedly owed by NSR.

RBPBB claims that our reasoning in *Bennett* applies here, even though the lien in the instant case is not a retaining lien but rather a charging lien, which does not require possession of the documents or property of Plaintiffs. *See id.* at 884 n. 1. We do not find *Bennett* persuasive here, however, because of one significant distinguishing factor. In *Bennett,* the underlying case was an action separate from the initial case in which Bennett represented NSR. In other words, the decision reviewed on appeal in *Bennett* was made by the trial court presiding over the action filed by NSR against Bennett, not the trial court that presided over the case in which Bennett represented NSR. NSR filed the underlying action for the purpose of recovering documents and property owned by NSR and retained by Bennett—that dispute was the subject of the lawsuit, and the attorney and client were parties in the case. As discussed above, we are reviewing the decision of the trial court that presided over the case in which Kahn P.C. and RBPBB represented Plaintiffs. The law firms were not before the trial court as parties. Therefore, the *Bennett* decision does not lead us to conclude that the trial court's decision here was proper.

As for Indiana statutes, the ones cited by RBPBB support the position that "an attorney's lien is available in this case." Appellee's Br. at 8. As stated above, Kahn P.C. does not dispute that RBPBB's lien is proper.[4] RBPBB fails to cite any statutes, however, that authorize the trial court to order Kahn P.C. to post bond to secure that lien.

Again, we note that our holding is limited to the specific and unique facts of this case. We can imagine less complicated scenarios that might exist if RBPBB had taken a different course of action. For

---

4. We also agree that while the amount of RBPBB's lien is in dispute, its existence is not, and our opinion in this case is certainly not meant to signal the end of liens between attorneys.

example, if RBPBB had filed its lien *prior* to the settlement disbursement, then the corpus would have been available for attachment before Kahn P.C. took possession of the entire amount, or the original defendants could have interpled the proceeds into this case. In either event, the trial court would have had a platform upon which to base the order appealed here. Also, RBPBB could have pursued a direct action against Kahn P.C. in Hamilton County to recover its portion of the settlement proceeds. We take this opportunity to remind the parties that a lien simply creates a legal right and is not, in and of itself, a remedy.

In sum, because we conclude that the trial court abused its discretion, we vacate the trial court's June 2, 2006, order requiring Kahn P.C. to post a security bond.[5]

Vacated.

BAKER, J., and VAIDIK, J., concur.

---

5. RBPBB filed a motion to strike Section B of Kahn P.C.'s reply brief, on the grounds that this section contained a new argument never before raised. *See Hepburn v. Tri–County Bank,* 842 N.E.2d 378, 380 (Ind.Ct.App.2006) ("Appellants are not permitted to present new arguments in their reply briefs[.]"), *trans. denied;* Ind. Appellate Rule 46(C). We hereby grant RBPBB's motion to strike.