Douglas M. **GRIMES**, Appellant,

v.

Victoria **CROCKROM**, et al., Appellee.

No. 45A03–1008–CT–491.

Court of Appeals of Indiana.

April 13, 2011.

Douglas M. Grimes, Douglas M. Grimes PC, Gary, IN, Appellant Pro Se.

Bessie M. Davis, Gary, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Douglas Grimes appeals the trial court's denial of his Verified Motion to Quash Subpoena Duces Tecum in this medical malpractice action. Grimes presents a single issue for our review, namely, whether the trial court erred when it denied his motion and ordered him to produce medical records to Victoria Crockrom without also providing for security for the payment of attorney's fees Crockrom owes Grimes.

We affirm in part, reverse in part, and remand with instructions.[1]

### FACTS AND PROCEDURAL HISTORY

In May 2007, Crockrom retained the services of Grimes, an attorney, in her pursuit of a medical malpractice action. In the course of his representation of Crockrom, Grimes obtained certain medical records and maintained them in Crockrom's file. In April 2009, after Grimes had filed a proposed complaint for damages with the Indiana Department of Insurance, Grimes withdrew as Crockrom's counsel.

Crockrom obtained new counsel, Bessie Davis, who filed a complaint for damages with the trial court on her behalf. In the course of that proceeding, Davis determined that Grimes had in his possession certain medical records that could not be obtained from any other source.[2] Accordingly, Davis contacted Grimes and requested the records. Grimes responded that he would release those records if Crockrom

paid the attorney's fees she owed him. And, in a letter to Davis dated November 25, 2009, Grimes stated:

> In your letter of November 19 you stated that in your opinion "an attorney cannot ethically withhold a client's file for payment of attorney's fees." I disagree.
>
> My office is claiming and asserting a retaining lien in the file and the documents you have requested be turned over to Victoria Crockrom, a former client. Ind. Rules of Procedure, Professional Conduct Rule 1.16(d) explicitly allows attorneys to retain the papers of clients to the extent permitted by law. Attorneys' retaining liens originated in the common law and have long been recognized as proper in Indiana.
>
> \*     \*     \*
>
> The case law holds that the trial court can require me to produce the documents in my possession over which I claim a retaining lien, but only if the trial court in its discretion provides for adequate security for the payment of the fees she and Mr. Crockrom owe my office.
>
> I have no intention of doing anything to prejudice Ms. Crockrom's malpractice claim. I am willing to work with your office in resolving this matter in a manner consistent with existing case law.

Appellant's App. at 22–23.

Thereafter, on May 6, 2010, Davis issued a subpoena duces tecum to Grimes demanding that he produce the medical records. Grimes moved to quash the sub-

---

1. This is an interlocutory appeal as of right under Indiana Appellate Rule 14(A)(3).

2. Crockrom alleges injury to her left arm as a result of medical malpractice. The only medical records Davis was able to obtain from Crockrom's medical providers indicate medi-

cal treatment only involving her right arm. Crockrom maintains that Grimes is in possession of medical records showing that there was medical treatment involving her left arm, which records, she contends, are essential to her claim.

poena. Following a hearing on Grimes' motion, the trial court denied his motion to quash and ordered him to produce the records. Crockrom's attorney's fees owed to Grimes remain unpaid. This appeal ensued.

### DISCUSSION AND DECISION

The trial court has broad discretion in ruling on issues of discovery. *Pfaffenberger v. Jackson County Reg'l Sewer Dist.*, 785 N.E.2d 1180, 1183 (Ind.Ct.App. 2003). We will reverse only when the trial court has abused its discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.*

Grimes contends that the trial court misinterpreted the law and erred when it ordered him to produce the medical records without also providing security for the payment of attorney's fees Crockrom owes Grimes. In his November 25, 2009, letter, Grimes asserted a retaining lien over the medical records in his possession. A retaining lien under common law gives an attorney the right to retain possession of a client's documents or other property which comes into the hands of the attorney professionally, until a general balance due the attorney for professional services has been paid. *See Bennett v. NSR, Inc.*, 553 N.E.2d 881, 882 (Ind.Ct. App.1990) (citing *Shannon v. Hendricks Circuit Court*, 243 Ind. 134, 183 N.E.2d 331, 333 (1962)).

In *Bennett,* this court observed:
Retaining liens[ ] are widely accepted in the United States, and have been compared to mechanic's or artisan's liens. Lawyers are merely afforded the same advantage enjoyed by workmen who labor on behalf of others. It is considered equitable that lawyers be allowed to retain documents and other personal property of their clients until paid. *See generally* 7A C.J.S. Attorney & Client § 358 (1980). The retaining lien is only as valuable as the documents possessed by the attorney and the inconvenience caused to the client by the attorney's retention. *Foor v. Huntington Nat'l Bank,* 27 Ohio App.3d 76, 499 N.E.2d 1297 (Ohio Ct.App.1986); 7A C.J.S. Attorney & Client 358 (1980).

553 N.E.2d at 882.

The procedural posture of the appeal in *Bennett* is similar to that here, namely, the appellant asserted a retaining lien and moved to quash a subpoena duces tecum seeking to compel him to produce certain documents. In that case, we held that the trial court should not have compelled Bennett to produce the documents without also "provid[ing] for adequate security for the payment of the fees" owed him by his former client. *Id.* at 883.

Here, Grimes agreed to produce the documents if the trial court ordered Crockrom to provide security for the payment of the fees she owed him. In his verified motion to quash the subpoena, Grimes stated that Crockrom owed him $15,386. At the hearing on his motion to quash, Crockrom acknowledged that she had hired Grimes at an hourly rate of $175 and that he had done work on her behalf, but, for the first time at the hearing, she disputed the claimed amount of fees for lack of documentation. Crockrom argued that the lack of any documentation of the amount she owed rendered Grimes' retaining lien invalid. We cannot agree.

A common law retaining lien on records in the possession of an attorney arises on rendition of services by the attorney. 7A C.J.S. Attorney & Client § 450 at 507 (2004). Crockrom does not direct us to any legal authority tying the validity of a

retaining lien to the provision of an itemized bill to the client. Indeed, a retaining lien is complete and effective without notice to anyone. *Id.* at § 457 at 516. And the reasonableness of a fee, as reflected by an attorney's lien, is irrelevant to the determination of whether the lien has been established. *Id.* at § 443 at 496. We hold that Grimes has a valid retaining lien over the medical records.

Still, Crockrom contends that she has a right to the medical records under the terms of her contract with Grimes. Paragraph 10 of the parties' contract states as follows:

> I agree to make every effort to inform the Client at all relevant times as to the status of matters which are the subject of this agreement and as to the acts which are being taken on behalf of the Client. I will make the file available to the Client and when necessary will send copies of materials to the Clients upon client's request.

Appellant's App. at 20. Crockrom interprets that provision to mean that she is entitled to the records despite Grimes' assertion of a retaining lien. We cannot agree.

First, Crockrom's premise is that her access to the file and Grimes' retaining lien are mutually exclusive. But her access to the file does not mean that Grimes is not also entitled to a lien. Second, specific words and phrases cannot be read exclusive of other contractual provisions. *See Grandview Lot Owners Ass'n, Inc. v. Harmon,* 754 N.E.2d 554, 557 (Ind.Ct.App. 2001). Rather, the parties' intentions when entering into the contract must be determined by reading the contract in its entirety and attempting to construe contractual provisions so as to harmonize the agreement. *Id.* Here, there is no provision that excludes a retaining lien. And it is well settled that unless a contract provides otherwise, all applicable law in force at the time the agreement is made impliedly forms a part of the agreement without any statement to that effect. *Westfield Companies v. Knapp,* 804 N.E.2d 1270, 1274 (Ind.Ct.App.2004), *trans. denied.* Grimes has a common law right to assert a retaining lien for unpaid attorney's fees. We hold that nothing in the parties' contract precludes the retaining lien.

The trial court did not abuse its discretion when it ordered Grimes to produce the documents to Crockrom, but the court erred when it did so without first providing security for the attorney's fees owed. We remand with instructions that the court order Crockrom to provide security for the payment of the attorney's fees she owes Grimes. *See Bennett,* 553 N.E.2d at 883. The amount of security should correspond with the amount of fees owed.[3] But, here, while Grimes is entitled to a lien, Crockrom disputes the amount of fees owed and Grimes' claim for fees is, therefore, unliquidated. *See, e.g., Gearhart v. Baker,* 393 N.E.2d 258, 260 (Ind.Ct.App. 1979) (holding a financial obligation that is the subject of a good-faith dispute is not a liquidated debt). Thus, the court cannot determine what amount constitutes adequate security without first conducting a hearing on the attorney's fees claimed by Grimes.

We remand for the trial court to hold a hearing, during which Grimes and Crockrom may present evidence on the issue of

---

3. In *Bennett,* this court noted that the Illinois Appellate Court has held that "a statutory lien attaching to the settlement or favorable judgment in the pending action was inadequate security, as there was no certainty the client would be successful in the pending litigation." 553 N.E.2d at 883 (citing *Upgrade Corp. v. Michigan Carton, Co.,* 87 Ill.App.3d 662, 43 Ill.Dec. 159, 410 N.E.2d 159 (1980)).

attorney's fees. After hearing the evidence, the trial court shall establish the amount required to secure a reasonable attorney's fee for Grimes' services.

Affirmed in part, reversed in part, and remanded with instructions.

ROBB, C.J., and CRONE, J., concur.