## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2015, 9:11 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Scott Knierim
The Law Office of Scott Knierim, LLC
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2015

Court of Appeals Case No.
32A01-1412-CR-531

Appeal from the Hendricks Superior Court.
The Honorable Stephenie LeMay-Luken, Judge.
Cause No. 32D05-1312-FB-78

**Darden, Senior Judge**

## Statement of the Case

Steven Miller appeals his convictions of two counts of dealing in methamphetamine both as Class B felonies. Ind. Code § 35-48-4-1.1 (2006). We affirm.

# Issue

Miller presents one issue for our review, which we restate as: whether the trial court erred by admitting certain evidence.

# Facts and Procedural History

On two occasions in May 2013, Miller sold methamphetamine to a confidential informant who was working with the Unified Drug Task Force of Hendricks County. Based on these transactions, the State charged Miller with two counts of dealing in methamphetamine, both as Class B felonies, and two counts of possession of methamphetamine, both as Class D felonies, Indiana Code section 35-48-4-6.1 (2006). Trial by jury commenced on October 28, 2014.

At trial, the State offered Exhibit 3, a video, and Miller's counsel objected, stating that the video was never provided to the defense during discovery. In response, the State argued that discovery had been provided to defense counsel several months prior to trial. After hearing argument from both sides, the trial court overruled Miller's objection and admitted Exhibit 3 into evidence. The jury viewed Exhibit 3 and subsequently found Miller guilty of all counts. Judgment of conviction was entered only on the two counts of dealing in methamphetamine as Class B felonies, and the court sentenced Miller to six years on each count, to be served concurrent with one another.

# Discussion and Decision

[5] Miller's sole contention on appeal is that the trial court erred by admitting Exhibit 3 into evidence over his objection at trial. The trial court is afforded broad discretion in ruling on the admissibility of evidence, and we will reverse its ruling only upon a showing of an abuse of discretion. *Paul v. State*, 971 N.E.2d 172, 175 (Ind. Ct. App. 2012). An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[6] Further, the trial court has broad discretion in ruling on matters of discovery, and we will reverse the trial court only when that discretion has been abused. *Grimes v. Crockrom*, 947 N.E.2d 452, 454 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.* Due to the fact-sensitive nature of discovery issues, a trial court's ruling is cloaked with a strong presumption of correctness. *Hill v. Fitzpatrick*, 827 N.E.2d 138, 141 (Ind. Ct. App. 2005).

[7] Charges were filed against Miller on December 13, 2013. On that same day, the State filed its discovery disclosure with the trial court. The State's discovery document contained three sections. Section #3 was entitled "Documents/Exhibits available for inspection *upon request*" and contained subsection f. "Panasonic video of deal TF-13-05-005." Appellant's App. p. 18.

[8]     At trial, the State moved to admit Exhibit 3, which was the Panasonic video described in section #3, subsection f. of the State's discovery document. Miller's counsel objected to the admission of Exhibit 3, stating that it was never provided to the defense. However, Miller's counsel then acknowledged that he had actually received a Panasonic disc from the State approximately six weeks prior to trial but explained that he had tried to play it on three different devices, which all showed that the disc was blank. The State responded that two weeks prior to trial it offered to play the videos for defense counsel if he could not view the copies provided to him. Defense counsel agreed that the State had made this offer and added that he had had discussions with the State prior to trial because he had difficulty with other discs as well. At this juncture, the State proposed a short continuance of the trial to give Miller and his counsel an opportunity to view Exhibit 3 on the State's laptop. The trial court overruled Miller's objection but offered him a short continuance to view the video. Miller and his counsel declined the trial court's offer. Exhibit 3 was admitted into evidence and played for the jury. The video merely showed Miller purchasing gas at a convenience store.

[9]     Defense counsel requested, and the State turned over, the video of Miller several weeks prior to trial. Later, defense counsel informed the State it was having difficulty viewing some of the videos, and the State offered to play the videos for counsel; however, defense counsel did not take the State up on its offer. Finally, at trial the State proposed and the trial court offered a short continuance in which Miller and his counsel could view the video on the State's

laptop before it was played for the jury. Again, defense counsel declined the offer. The trial court's decision is clearly consistent with the logic and effect of the facts and circumstances of this case. Thus, there was no abuse of the trial court's discretion.

## Conclusion

[10] For the reasons stated, we conclude that the trial court did not err in admitting Exhibit 3 into evidence.

[11] Affirmed.

[12] Vaidik, C.J., and Najam, J., concur.